CROUCH
v.
MARTIN.

---

## CROUCH v. MARTIN.

A verdict in detinue was as follows: "We, the jury, find the property named in the declaration to be in the plaintiff, and find the value thereof to be *60 dollars.*" *Held,* that the judgment should be arrested, the verdict not showing an unlawful detainer of the property.

APPEAL from the *Fountain* Circuit Court.

STEVENS, J.—*Martin* declared against *Crouch* in an action of detinue, for unlawfully detaining from him a certain grey mare, of the value of 60 dollars, of his proper goods and chattels, and to his damage 100 dollars. An issue was joined on the general plea of *non detinet,* which was tried by a jury, and a verdict

found for the plaintiff in these words,—"We, the jury, find the property named in the declaration to be in the plaintiff, and find the value thereof to be 60 dollars;" upon which the defendant moved in arrest of judgment, but the motion was overruled and final judgment rendered on the verdict for the plaintiff.

The only question before this Court is, whether the verdict is sufficient to authorise the rendition of final judgment for the plaintiff?

The issue in the case is, whether the defendant unlawfully detained the property of the plaintiff as stated in the declaration? the *gravamen* of the issue is the detention. The plaintiff, to recover, had to prove three things,—1. property in himself; 2. an unlawful detention by the defendant; and 3. the value. The jury have found but two of those facts. They have found the property to be in the plaintiff, and its value; but the unlawful detention thereof, which is the main and principal point in issue, they have not found.

A verdict must answer all the material points in issue; but a general verdict, that in substance covers the whole, is sufficient; as in this case, if the jury had simply found for the plaintiff, and found the value of the property, &c., it would have been sufficient; for the finding for the plaintiff would have been, substantially, finding property in the plaintiff, and the unlawful detention of it by the defendant; but as it is, it is wholly defective. The judgment should have been arrested (1).

*Per Curiam.*—The judgment is reversed, and the verdict set aside, with costs. Cause remanded, &c.

*A. S. White* and *I. Naylor*, for the appellant.

*D. Wallace*, for the appellee.

(1) When a judgment is arrested for defects in *the verdict*, a *venire de novo* must be awarded; that is, another jury must be summoned to try the issue. Gould on Pl. 526.