## ANDERSON *v.* DONNELL ET AL.

**VENDOR'S LIEN.**—*Real Estate Broker.*—*Lien can not be had for Broker's Commission, or for Money advanced by him.*—*Rule as to Vendor's Lien.*—*Special Finding.*—In an action by A., against C., the holder of the title to certain real estate, and D., the holder of a mortgage thereon, to enforce a vendor's lien, the court found specially, that, at a certain date, C.'s grantor, being then the owner of said real estate, agreed with A. and B. verbally, to accept a certain price for the land ; that subsequently A. and B. effected a sale of the land to C. for a sum exceeding the price above named ; that thereupon C.'s grantor executed to C. a conveyance for the land, receiving promissory notes for the price so fixed, executed by A., B. and C., and a mortgage executed by C., on the land, to secure payment of the notes, it being agre- d that the residue of the purchase-money should be received equally by A and B. ; that B subsequently received his share of that residue from C., who also paid off the notes held by his grantor ; that A., to enable C. to pay the same to his grantor, loaned to him a certain sum of money, taking from him his promissory notes for the gross amount of such loan and A.'s share in said residue of purchase-money ; that C. had paid off the note and mortgage held by his grantor ; and that D.'s mortgage was subsequently executed for borrowed money.

*Held*, that in no event could A. have enforced a lien for the amount of his notes against C.

*Held*, also, that a plaintiff's right to enforce a vendor's lien must be decided upon the facts of his particular case.

**SAME.**—*Conclusion of Law.*—*Surplusage.*—The fact that one of several special findings of fact is merely a statement of a conclusion of law does not vitiate the other findings.

**SAME.**—*New Trial.*—*Venire de Novo.*—*Omission of Fact.*—*Cases Overruled.*—A material omission, in a special finding, of some fact in issue, is ground, not for a new trial, but for a *venire de novo*. *Schmitz* v. *Lauferty*, 29 Ind. 400, and *Cruzan* v. *Smith*, 41 Ind. 288, overruled on this point.

From the Shelby Circuit Court.

*L. Sexton, C. Cambern, T. B. Adams* and *L. T. Michener*, for appellant.

*A. Major, S. Major* and *B. F. Love*, for appellees.

NIBLACK, J.—This was an action by James W. Anderson, against Thomas N. Donnell, Nancy R. Donnell, his wife, and The North-Western Mutual Life Insurance Company, to recover a judgment upon a promissory note executed

by the said Thomas N. Donnell to the said Anderson for $1,625.00, and to enforce an alleged vendor's lien upon a two-hundred-and-thirteen-acre tract of land in Shelby county.

The complaint was in three paragraphs, each alleging that the note sued on was given in part consideration of the plaintiff's equitable interest in. said land, which had been conveyed by the holders of the legal title to the said Thomas N. Donnell, and afterward mortgaged by him and his wife to The North-Western Mutual Life Insurance Company, to secure a loan; each also alleging the insolvency of the said Thomas N. Donnell.

The first and third paragraphs charged that the mortgage thus executed by Donnell and wife had been paid but not entered satisfied. The second charged that the insurance company had notice of the plaintiff's lien for unpaid purchase-money, when it took the mortgage.

Donnell and wife answered :

1. In denial;

2. Payment.

The insurance company answered, specially, denying both notice of the plaintiff's lien and the alleged payment of its mortgage.

Issue being joined, the cause was submitted to the court for trial, and, at the request of the plaintiff, the court made a special finding of the facts, in substance, as follows :

1. That one Milton P. Barger was, before and on the 1st day of March, 1870, seized in fee-simple of the undivided one-half of the lands described in the complaint.

2. That, while the said Barger was so the owner of said one undivided half of said land, he verbally assured the plaintiff and one James Y. Stewart that he would accept four thousand three hundred and fifty dollars, some western lands and the release of a three-hundred-dollar debt due to said Stewart, for his said interest in

said lands, and that thereupon the plaintiff and said Stewart effected a sale of his said interest to the defendant Thomas N. Donnell, for six thousand five hundred dollars.

3. That said Barger, in pursuance of said sale, on the 1st day of March, 1870, by deed of that date, conveyed his said interest in said lands to said Donnell for the expressed consideration of six thousand five hundred dollars, for a portion of which sum, to wit, four thousand three hundred and fifty dollars, the said Donnell, Stewart and Anderson made their two promissory notes to the said Barger, the payment of which notes was secured by a mortgage from Donnell to Barger on the interest in said lands thus conveyed. The residue of said purchase-money, to wit, two thousand one hundred and fifty dollars, was to be divided between the said Stewart and the said Anderson in equal amounts, as profits on said land trade.

4. That said Donnell, before the commencement of this suit, had fully paid said Barger said sum of four thousand three hundred and fifty dollars, in discharge of said notes, and had also paid to the said Stewart his half of said two thousand one hundred and fifty dollars, as his share in the profits of the trade.

5. That, on the 1st day of September, 1870, the plaintiff called upon Donnell for one thousand and seventy-five dollars, his share of the profits of said trade, at which time he agreed with Donnell to loan him, the said Donnell, the sum of two thousand one hundred and fifty dollars, to enable him to pay Barger what was due him on said lands, for which sum, together with said sum of one thousand and seventy-five dollars, Donnell made to the plaintiff his two promissory notes, each for one thousand six hundred and twenty-five dollars, and executed other notes for the annual interest accruing on said two notes.

6. That, before the commencement of this suit, Donnell

had paid off said interest notes, and had also paid the note for one thousand six hundred and twenty-five dollars first due, leaving the remaining one-thousand-six-hundred-and-twenty-five-dollar note, sued upon in this action, unpaid.

7. That the plaintiff did not let Donnell have the money which he agreed to loan him, said Donnell, at the time said two notes for one thousand six hundred and twenty-five dollars each were executed, but did let him have it several months thereafter.

8. That there was due upon the note in suit, including principal and interest, the sum of one thousand nine hundred and seventeen dollars and eighty cents, and for attorney's fees the further sum of one hundred and fifty dollars, making in the aggregate two thousand and sixty-seven dollars and eighty cents, collectible without relief from valuation or appraisement laws.

9. That the plaintiff has not any lien on the lands described in the complaint, for the payment of the note sued on herein.

10. That the defendant, The North-Western Life Insurance Company, had no notice of any lien, prior to the making of the mortgage to it by Donnell, upon the lands mentioned in the complaint, nor has said mortgage been paid.

The plaintiff thereupon moved the court for a new trial, assigning six causes in support of his motion.

The first five causes charged, in different forms, either that the finding was not sustained by sufficient evidence, or that it was contrary to law.

The sixth cause was as follows :

" That the court did not find specifically on all the material allegations of the complaint in issue, and supported by material and competent evidence given on the trial hereof, in this, to wit:

" (*a*) The court did not find as to the solvency of defendant Thomas N. Donnell ;

" (*b*) That the court did not find as to the sufficiency of said Donnell's personal property for the satisfaction of his debts ;

" (*c*) The court did not find as to how much of the purchase-money Anderson paid Barger for the real estate mentioned in the complaint ;

" (*d*) That the court did not find as to whether Anderson had an interest in the land mentioned in the complaint ;

" (*e*) That the court did not find as to whether Anderson had sold the said land to Donnell, for which the note in suit was given ;

" (*f*) That the court did not find as to the amount that Donnell was to pay Anderson for his interest in the land ;

" (*g*) That the court did not find as to whether Anderson paid one-half [of] the purchase-money to Barger ;

" (*h*) That the court did not find as to whether Stewart and Anderson bought the land of Barger and sold it to Donnell ;

" (*i*) That the court did not find as to whether or not Anderson furnished Donnell with one-half of the money with which to pay Barger on the notes executed to him by Anderson and Stewart ;

" (*j*) That the court did not find the fact as to whether Donnell recognized Anderson's right to one-fourth of the land mentioned in the complaint, at the time of the conveyance thereof to him by Barger, and also subsequently, at the time of giving the notes by Donnell to Anderson, including the note sued on ;

" (*k*) That the court did not find as to whether or not Donnell held one-fourth of the land in trust for Anderson, from the time of making the deed until the giving of the notes."

The court overruled the motion for a new trial, and, after having stated certain conclusions of law, upon which no question is made here, rendered judgment against the defendant Thomas N. Donnell, for the amount found to be due upon the promissory note, and in favor of the defendants Nancy R. Donnell and the insurance company.

The plaintiff has appealed, and the only error he has assigned is upon the overruling of his motion for a new trial.

It is insisted on his behalf in the argument here, that the special finding was not sustained by sufficient evidence, and that, for the reasons enumerated in the sixth cause for a new trial, such finding was contrary to law. If either one of the positions thus maintained be correct, the court necessarily erred in refusing to grant a new trial.

The evidence, as presented in the record, was somewhat obscure as to some of the details of the transactions testified to by the witnesses. It was also conflicting as to some of the material matters embraced in the finding of the court.

If we were trying the cause upon the evidence, as we read it here, we might find it difficult to determine what our finding ought to be upon some portions of the evidence, but, as an appellate court, we are only required to review this evidence so far as may be necessary to ascertain whether the finding was fairly sustained by it.

We can not say that the finding in this case was not sufficiently sustained by the evidence. On the contrary, we are of the opinion that there was evidence tending, in a greater or less degree, to sustain it as to all the facts found by it. We can not, therefore, disturb the finding on account of the alleged insufficiency of the evidence.

We will next inquire whether, under the issues, any of the alleged omissions in the finding, complained of in the sixth cause for a new trial, were material omissions.

In Sugden on Vendors it is said, at page 675, that, " If a vendor take a distinct and independent security for the purchase-money, his lien on the estate is gone ; such a security is evidence that he did not trust to the estate as a pledge for his money ; as where he accepted some stock for the money, with an agreement, that in case it did not within a limited time produce a sum named, the purchaser should make it up to that sum; or where a vendor accepted a mortgage of another estate for the purchase-money, the obvious intention of burdening one estate being, that the other shall remain free and unincumbered ; so, even where the vendor takes a mortgage of the estate sold for only part of the purchase money. And these appear to be well founded general rules ; although LORD ELDON thought they might be liable to some exceptions." See, also, 3 Parsons Contracts, p. 278 ; *Bond* v. *Kent,* 2 Vern. 281 ; *Hadley* v. *Pickett,* 25 Ind. 450 ; *Mattix* v. *Weand,* 19 Ind. 151 ; *Johnson* v. *Sugg,* 13 Sm. & M. 346 ; *Bradford* v. *Marvin,* 2 Florida, 463 ; *Vail* v. *Foster,* 4 N. Y. 312 ; *Follett* v. *Reese,* 20 Ohio, 546.

The exceptions referred to by LORD ELDON were where the circumstances attending the transaction indicated an intention on the part of the vendor not to waive his lien by taking such distinct and independent or partial security. To the same effect, see, also, 2 Story Equity, secs. 1224, 1225 and 1226 ; *Gilman* v. *Brown,* 1 Mason, 191.

In the case before us the finding shows, that, upon certain verbal assurances from Barger, Anderson and Stewart effected a sale of the land described in the complaint, to Donnell, at a profit to themselves of $2,150.00, to be equally divided between them; that, for the sum of $4,350.00, which Barger was to receive in money, Anderson and Stewart signed notes with Donnell to Barger, and thus to that extent made themselves interested with Donnell in his purchase of the land ; that, to further secure the payment

of said notes, Donnell mortgaged the land to Barger, thus affording an additional security which might, under some circumstances, have inured to the benefit of Anderson and Stewart; that, about six months after Barger had conveyed the land to Donnell, Anderson called upon Donnell for a settlement as to his share of the profits on the trade; that, at that time, he agreed to loan, and did afterward loan, to Donnell $2,150.00, to pay Barger on the purchase-money for which he was jointly bound with Donnell; that, to this sum, he added the sum of $1,075.00, his share of the profits, above named, and took from Donnell, for the gross sum, two promissory notes for $1,625.00 each, thus commingling his profits on the land trade with the money loaned to pay Barger; that one of these last named notes has been paid, and that some interest has been paid on the other—the one now in suit.

Taking all facts thus found by the court into consideration, they appear to us to have indicated, on the part of Anderson, an intention not to rely upon a vendor's lien upon the land. They seem to us, rather, to have manifested an intention on his part to waive any claim he may have had for such a lien in favor of Barger, co-operating, as he did, with Donnell and Stewart in making Barger doubly secure as to the purchase-money due him.

Enough was shown by what the court did find, as it seems to us, to make it apparent that Anderson was not entitled to have a vendor's lien enforced against the land. We feel justified in coming to this conclusion even upon the doctrine contended for by Lord ELDON, that each case for a vendor's lien must, to a considerable extent, be governed by the special circumstances attending it, independently of the general rule laid down by Sugden on Vendors, *supra*, which appears to be well sustained by authority.

We think, therefore, that the alleged omissions in the finding of the court, conceding them all to have been real

omissions, a question we need not now discuss, were, under the circumstances, immaterial omissions. If the court had made a finding on the matters alleged to have been omitted, favorable to Anderson, he would still not have been entitled to a judgment enforcing a vendor's lien upon the land described in his complaint.

For these reasons we see no error in the refusal of the court to set aside the finding because of such alleged omissions.

But it is contended that the ninth specification of the special finding was a conclusion of law merely, and not the finding of a fact, and that, for that reason, if for no other, the special finding ought to have been set aside.

Conceding that this specification was more a conclusion of law than the finding of a fact, as we believe it clearly was, it was surplusage merely, and could not have been properly construed to vitiate any other portion of the finding of the court, whether considered as a whole or in its separate parts.

We have discussed and passed upon the questions presented to us under the sixth cause for a new trial, upon the theory that those questions were properly raised by a motion for a new trial.

A party aggrieved is entitled to a new trial :—

1. For irregularity in the proceedings of the court, jury, or prevailing party.

2. For misconduct of the court, jury or prevailing party.

3. For accident or surprise which could not have been prudently guarded against.

4. For excessive damages.

5. For error in the assessment of the amount of recovery in certain cases.

6. When the verdict or finding is not sustained by sufficient evidence, or is contrary to law.

7. For newly-discovered evidence.

8. For error of law occurring at the trial, and properly excepted to. 2 R. S. 1876, p. 179, sec. 352.

But where the verdict or finding, whether general or special, is imperfect by reason of some defect, uncertainty or ambiguity upon its face, or by not finding upon all the issues, or by not assessing damages, or on account of some material omission, the proper motion for the party complaining is for a *venire de novo*. See *Dehority* v. *Nelson*, 56 Ind. 414; also *Whitworth* v. *Ballard*, 56 Ind. 279, and the authorities there cited.

As regards the right of a party to a new trial, or to a *venire de novo*, we see no substantial difference between the verdict of a jury and the finding of a court.

The distinction indicated as above, between a new trial and a *venire de novo*, as applicable to cases like the one at bar, may be briefly stated as follows: If any mistake is made in the facts, as found by the court, that constitutes a cause for a new trial. If any material and improper omission is made in the finding, a *venire de novo* will be awarded. *Dehority* v. *Nelson, supra.*

Observing this distinction, it is quite clear to our minds, that the objections urged to the special finding before us, under the sixth cause for a new trial, afforded proper reasons for a *venire de novo*, and not for a new trial.

We are aware that in the case of *Schmitz* v. *Lauferty*, 29 Ind. 400, it was held, that, where there was some material omission in a special finding, such omission made the finding " contrary to law," and that the proper method of reaching such a defect was by a motion for a new trial. We are also aware that the case of *Cruzan* v. *Smith*, 41 Ind. 288, recognizes a similar doctrine, and that, perhaps, one or two other cases have quoted approvingly. But that construction of the statute governing new trials does not meet the approbation of our judgments, and so much of the cases above referred to as thus construes that statute must hereafter be considered as overruled.

The construction we give to that statute is, that a finding is "contrary to law" when, in its general scope and meaning, it is contrary to the principles of law applicable to the case, and not merely defective in some particular. *Bosseker* v. *Cramer*, 18 Ind. 44.

We see no sufficient reason for a reversal of the judgment.

The judgment is affirmed, at the costs of the appellant.