Munson *et al. v.* Blake.

No. 11,358.

## MUNSON ET AL. *v.* BLAKE.

DRAINAGE.— *Withdrawal of Part of Remonstrants.*—Where, in a drainage proceeding, a number of persons join in a remonstrance, any of them may afterwards withdraw therefrom, and thereby escape liability for costs thereafter created in consequence of the remonstrance; but such action will not defeat the remonstrance, nor impair or defeat, in any manner, the right of the other remonstrants to proceed as if such withdrawal had not occurred.

SAME.— *Verification of Remonstrance.*—The statute does not require that the remonstrance shall be personally verified by the remonstrants, but it may be verified by them, or by some person having authority to act for them, and if verified by one or more, but not by all of the remonstrants, either personally or by agent, such verification will be treated and regarded as made by all, and if, after the remonstrance is filed, those who verified it withdraw therefrom, such act will not operate as a withdrawal of the verification, but this will remain unaffected thereby.

SAME.— *Time Fixed for Report of Commissioners.*—*Statute Construed.*—The provision of the statute, R. S. 1881, section 4275, requiring the court to designate a certain time for the drainage commissioners to report, is mandatory and should be strictly enforced, but the court may, for good cause shown, extend the time first fixed to another definite day.

SAME.— *Objection must be Made Below.*—An objection that the report was not filed at the time fixed comes too late when made for the first time in the Supreme Court.

SAME.— *Effect of Delay of Commissioners' Report on Right of Remonstrants.*— Where the commissioners' report is not filed at the time fixed, and a remonstrance is offered within the statutory period after the actual filing of the report, the court should permit such remonstrance to be filed.

SAME.—Where it is shown by affidavit that the wrongful action of the commissioners prevented the filing of a remonstrance at an earlier period, the court should permit its filing at the time presented.

SAME.— *Appeal.*—*Presumption as to Name of Parties.*—Where, in proceedings for the establishment of a ditch, parties signed a remonstrance as "Hosmer & Hildreth," and were afterwards assessed, and an appeal was taken by Stephen R. Hosmer and Charles C. Hildreth.

*Held,* that it should be assumed that the appellants were, or represented, the same parties as those assessed, and therefore had a right to appeal.

SAME.— *Waiver.*—*Supreme Court.*—Where a motion is made to dismiss an appeal because co-remonstrants were not joined therein, an agreement by the parties to submit the cause, without insisting that the others should be made co-parties, waives the objection.

From the Marshall Circuit Court.

*J. D. McLaren, H. Corbin* and *F. W. Munson,* for appellants.
*A. C. Capron* and *P. O. Jones,* for appellee.

COLERICK, C.—The appellee presented to the Marshall Circuit Court, at its October term, 1881, his petition for the location and construction of a drain, and on proof being made to the satisfaction of the court that proper notice of the appellee's intention to so present the same had been duly given as required by the statute, said petition was, by the court, at said term, referred to the commissioners of drainage of Marshall county, and they were directed by the court to view the proposed route of the drain, and if they found, upon such view, that the drain would be of public utility, etc., to establish the same, and assess the benefits and damages to each tract of land that would be affected by its construction, and make a report of their proceedings and action therein to the court on the first day of its next term, being the December term, 1881, thereof. On the twenty-seventh day of said December term, 1881, the commissioners made their report, in favor of the construction of the drain and assessing benefits and damages as aforesaid. Two days afterwards Matilda Parry and others, whose lands were assessed for the construction of the drain, filed their joint remonstrance against the confirmation of the report. The remonstrance was verified by the affidavit of the attorney of said Matilda Parry. No further steps were taken in the proceeding until the October term, 1882, when a motion was made by the appellee to strike out the remonstrance, on the ground that it was not "as to each and all" of the remonstrants "verified by affidavit as provided by law," which motion was overruled by the court, and afterwards, at the same term, Matilda Parry withdrew, as a remonstrant, her objections to the report of the commissioners, and afterward, at the same term, the commissioners filed an amended report, by which it appears certain assessments previously made by them, as shown in their original report, were, by them, reduced in amounts. No ob-

jection was made to the filing of this report, but afterwards a motion was made to reject it, but the motion so made is not in the record, and hence we are unable to ascertain the grounds upon which it was based, and as it was subsequently withdrawn, the action of the court in permitting the report to be made is not properly before us for review. At the December term, 1882, a change on the bench having in the interim occurred, the motion to strike out the remonstrance, which had been previously overruled by the former judge of the court, was, without being renewed, summarily and irregularly sustained by the court, and thereupon an order was made approving and confirming the reports of the commissioners and directing the construction of the drain as located. Afterwards, but at the same term, Stephen R. Hosmer and Charles C. Hildreth, two of the persons who had joined with Matilda Parry in said remonstrance, moved the court for leave to verify the remonstrance and re-file the same, and in support of their motion presented an affidavit in which it was, with other facts, stated that the remonstrance had been struck out by the court because it was verified by Matilda Parry alone, and that her subsequent withdrawal therefrom left it without verification, and that said ruling and action of the court had greatly surprised and wronged them, as they had relied upon the previous ruling of the court that the verification was, as to them, sufficient and all the law required, and that if they had supposed that any doubt existed as to its sufficiency, or had received any intimation from the court as to its insufficiency, they would have taken immediate steps to amend the remonstrance as to its verification. This motion was overruled by the court. And the appellant Munson also then appeared and presented his application, duly verified, for leave to file a remonstrance against the confirmation of said report, in which it was stated that the commissioners had been ordered to report their proceedings to the court on the first day of its next term, being the December term, 1881, thereof, at which time he, by his agent, appeared in

court, where he remained for the three succeeding days, for the purpose of filing a remonstrance against the report of the commissioners in the event that his land was assessed by them for the construction of the drain, and as no report was then made by them, he supposed and believed that the proposed drain had been abandoned; that no opportunity had been afforded him until then to remonstrate against the report, although he was largely interested therein, as his land had been assessed over $200 for the construction of the drain, when in truth and in fact its construction would be a positive damage thereto, and that the construction of the drain would not be of public utility or benefit any public highway in the county, nor conduce to the public health, and that the expense of its construction would exceed its possible benefits, and that if constructed as proposed it would not drain the lands assessed therefor; that he was a non-resident of the State, and that his application to file said remonstrance was made at the earliest time after discovering the fact that said report had been filed after the time fixed by the court therefor had expired.

The court refused to permit the remonstrance to be filed. An appeal to this court from the final order and proceedings of the court below was then prayed by Hosmer, Hildreth and Munson, but before the appeal was perfected Hosmer died, and thereupon Lucy A. Hosmer, as his sole devisee and executrix of his will, united with Hildreth and Munson in consummating the appeal, and they alone constitute the appellants herein. Hosmer and Hildreth have joined in an assignment of errors; while Munson has presented a separate assignment. The only available error assigned by Hosmer and Hildreth is the ruling of the court in striking out the remonstrance of Matilda Parry and others to the report of the commissioners; and the only available error assigned by Munson is the ruling of the court in refusing to permit him to file a remonstrance to said report.

Before considering these errors, it is necessary for us to dis-

pose of a motion that has been interposed by the appellee to dismiss the appeal of Hosmer and Hildreth. The reasons alleged in the motion for its support are: 1st. That their co-remonstrants did not unite with them in the appeal, and have not been made parties thereto, as required by the statute; and, 2d. That the record fails to show that they were parties to the proceeding from which the appeal was taken.

The objection last named rests upon the fact that the remonstrance was signed " Hosmer & Hildreth," and by that name the proceeding, as to them, was prosecuted and defended, which, doubtless, occurred by reason of the fact that they were so designated in the assessment of their lands. They were not named, in any manner, either in the petition or notice. It is fair to assume that the appellants Hosmer and Hildreth are, or represent, the same parties as those so assessed, and, therefore, had the right to appeal, as they have, from the assessment. See *Houk* v. *Barthold,* 73 Ind. 21. The appellee waived his right to urge the objection first named by agreeing to the submission of the cause to this court for its consideration, without insisting that said co-remonstrants should be made parties to the appeal. The motion to dismiss the appeal is overruled.

The statute, in force when the remonstrance in this case was filed, provided : " Upon the making of such report " (referring to the report of the commissioners of drainage) " to the court, three days shall be allowed to any owner of lands affected by the work proposed, to remonstrate against the report; and any such remonstrance shall be verified by affidavit, and may be for any or all of the following causes," etc. R. S. 1881, section 4276. Under this provision of the statute, owners of lands so affected may, jointly or severally, remonstrate against the report of the commissioners of drainage. If they join in such remonstrance, any of them may afterwards, at their pleasure, withdraw therefrom, and thereby escape future liability for costs thereafter created in consequence of the remonstrance; but such action on their part will not defeat the

remonstrance, nor impair or affect, in any manner, the right of the other remonstrants to proceed with the remonstrance the same as if no such withdrawal had occurred.   See *Little* v. *Thompson,* 24 Ind. 146, where a similar question in a highway case was decided by this court.   The statute does not require that the remonstrance shall be personally verified by the remonstrants ; it may be so verified by them, or it may be verified by some person having authority to act for them.   If it is verified by one or more, but not all, of the remonstrants, either personally or by agent, such verification will be treated and regarded as made by all of them, and if after the remonstrance, so verified, is filed, those who verified it withdraw therefrom, such act will not operate as a withdrawal of the verification, but it will remain unaffected thereby.   It follows from the views above expressed, that the court below erred in rejecting the remonstrance because Malinda Parry, for whom it was verified, withdrew therefrom.   We also think that the court erred in refusing to permit the appellant Munson to file a remonstrance against the report of commissioners. The statute provides that when a petition for the location and construction of a drain is presented to the court, and it is shown that notice of the intention to present the same was given as required by the statute, and that the provisions of the statute in other respects have been complied with, the court " shall make an order referring the matter to the commissioners of drainage of the county, and fix therein a time and place for the meeting of said commissioners, *and a time when they shall report.*"   R. S. 1881, sections 4274 and 4275. The provision of the statute requiring the court to designate a time for the commissioners to report is mandatory.   Its purpose is evident.   It is that owners of lands assessed for the construction of a drain may be afforded an opportunity to resist, by remonstrance, the confirmation of the report.   The limited time allowed them by the statute to present such a remonstrance commences to run from the time the report is filed.   By requiring the report to be filed at a designated time,

the remonstrants will, in ample time, know when they can and must file their remonstrance. It is essential to the protection of their rights and interests that this provision of the statute shall be strictly enforced. The court in which the proceeding is pending may, for sufficient cause, extend or change the time designated in its original order for the making of the report. In this case, the court, in accordance with the provisions of the statute, did fix a time for the commissioners to report. The time fixed was the *first* day of the December term, 1881, of the court. No report was filed until the *twenty-seventh* day of the term. No order was made at any time by the court extending or changing the time so designated. Commissioners of drainage can not, under this statute, violate or ignore the order of the court fixing the time for the filing of their report, and present a report when it suits their pleasure or convenience. To permit them to do so would render the statute subject to great abuses. It would in many cases result in requiring the constant attendance in court of persons desiring to remonstrate against the report, and ceaseless vigilance on their part to avert action thereon in their absence. No such inconveniences or perils should be imposed upon them, and none will be imposed if the provision of the statute is, as it must be, complied with. If the commissioners, from any sufficient cause, are unable to report at the time fixed, it is their duty to advise the court of that fact, and procure an order from the court fixing another definite time for the making of the report, and this order should be made before or on the day first fixed for the filing of the report, so as to apprise those interested in the proceeding, either as petitioners or prospective remonstrants, of the time, as changed, when the report will be made.

It does not appear by the record in this case, that any objection was made to the filing of the report at the time it was filed, nor that any motion was made afterwards to reject the report because it was not filed at the proper time. It is too late to make such objections for the first time in this

court. They should have been made at a proper time and manner in the court below. But as the appellant Munson was prevented by the wrongful action of the commissioners from filing a remonstrance to the report at an earlier period in the proceeding than the time when he presented it, the court should have permitted him to file it at that time. See *Breitweiser* v. *Fuhrman,* 88 Ind. 28.

For the errors of the court above named the order and proceedings of the court below should be reversed.

PER CURIAM.—The order and proceedings of the court below are reversed, at the costs of the appellee, and the cause is remanded to the court below with instructions to overrule the motion to strike out the remonstrance that was filed by Matilda Parry and others to the report of the commissioners, and to grant leave to the appellant Munson to file a remonstrance to said report, and for further proceedings in accordance with this opinion.

