Claybaugh *et al. v.* The Baltimore and Ohio Railway Company *et al.*

No. 12,845.

CLAYBAUGH ET AL. *v.* THE BALTIMORE AND OHIO RAILWAY COMPANY ET AL.

DRAINAGE.—*Pending Proceedings Under Prior Acts not Affected by Act of 1885.*—A drainage proceeding begun under the acts of 1881 and 1883, and pending when the act of 1885 (Acts of 1885, p. 129) went into force, was in no way affected by the latter act.

SAME.—*Report of Commissioners.—Failure to File at Time Fixed.—Dismissal of Proceedings.*—Where, in a drainage proceeding under the acts of 1881 and 1883, the report of the commissioners is not filed at the time fixed by the court, and no extension of time is then asked or other action taken, the petition may be dismissed on the motion of a party affected.

From the Marshall Circuit Court.

A. C. Capron, for appellants.

H. Newbegin, M. A. O. Packard and O. M. Packard, for appellees.

ELLIOTT, J.—In September, 1884, the appellants, proceeding under the drainage acts of 1881 and 1883, filed a petition for the establishment of a drain. On the 10th day of November, 1884, the appellee filed a demurrer to the petition, which was subsequently overruled, and an order was entered requiring the drainage commissioners to report on the third Thursday of the December term, 1884. No report was then filed, but on the 12th day of March, 1885, the commissioners came into court, made a showing as to their failure to report at the time designated, and asked that another time be fixed. Their request was granted, and the time for filing a report was fixed for June 6th, 1885. Before that date one of the drainage commissioners resigned, and on the 6th day of April, 1885, the Legislature so changed the law as to require the board of county commissioners to fill vacancies at a regular or special session. Acts of 1885, p. 129. It is, however, provided in the same act, " that where application has been made or proceedings are pending, or works for the purpose of drainage are in course of construction

under said acts, the same may be carried on and completed, and assessments therefor collected according to the provisions of said acts, and shall not be affected by this act." On the 24th day of June, 1885, nineteen days after the time fixed for making the report, the commissioners came into court and asked a further extension of time. The court refused to grant this request, and on the motion of the appellee dismissed the proceedings.

. The case is not affected by the act of 1885, for by the provisions of that act, quoted by us, the proceedings might have been carried on under the acts previously adopted. No rights were taken from the petitioners by the act of 1885, for these were expressly saved.

There was no error in dismissing the petition. This is expressly decided in *Munson* v. *Blake*, 101 Ind. 78, where it was said : " No order was made at any time by the court extending or changing the time so designated. Commissioners of drainage can not, under this statute, violate or ignore the order of the court fixing the time for the filing of their report, and present a report when it suits their pleasure or convenience. To permit them to do so would render the statute subject to great abuses. It would in many cases result in requiring the constant attendance in court of persons desiring to remonstrate against the report, and ceaseless vigilance on their part to avert action thereon in their absence. No such inconveniences or perils should be imposed upon them, and none will be imposed if the provision of the statute is, as it must be, complied with."

If the drainage commissioners do not report at the time designated, it may be.that the petitioners could avert a dismissal by appearing at that time and asking an order against the commissioners ; but, however this may be, they can not subsequently come into court, and, as of right, obtain such an order. The reasoning of the court in *Munson* v. *Blake, supra*, forcibly applies here, and conclusively shows that if no report is made at the time designated, and no action is then

taken, the defendants are not bound to constantly watch the proceedings, but may treat them as having been discontinued. Of course they may waive the failure to report at the proper time, but there is no waiver where the objection is promptly made, nor was there any abuse of discretion by the court in refusing to grant further time.

