Blake *v.* Quivey *et al.*

No. 13,046.

BLAKE *v.* QUIVEY ET AL.

DRAINAGE.—*Failure of Commissioners to Report at Time Fixed.*—*Motion to Dismiss Petition.*—*Remonstrance.*— *Waiver.*—*Practice.*—A petition for drainage may be dismissed upon the failure of the commissioners, without an order of the court granting delay, to file their report at the time fixed therefor, but such motion comes too late after the party has appeared to the petition and filed a remonstrance thereto, or asked leave to do so, and a motion to dismiss, or strike out the petition, after such action, should be overruled.

From the Marshall Circuit Court.

*A. C. Capron* and *P. O. Jones,* for appellant.
*J. D. McLaren* and *E. C. Martindale,* for appellees.

MITCHELL, C. J.—As will appear by referring to the facts as more fully stated upon a former appeal of this cause—*Munson* v. *Blake,* 101 Ind. 78—the proceedings in the court below were had upon a petition filed in the Marshall Circuit Court for the location and construction of a drain. After the petition had been duly referred to the commissioners of drainage, and after the commissioners had made a report, favorable to the construction of the drain, and of the assessment of lands supposed to be benefited, with the cost thereof, Stephen Munson appeared and presented his application for leave to file a remonstrance against the confirmation of the report. He stated, in his verified application, that the commissioners of drainage had been ordered to report on the first day of the December term, 1881 ; that he had prepared his remonstrance and appeared in court at the appointed time, and the three succeeding days thereafter, during all of which time he was ready to file a remonstrance against the report in the event his land should be assessed with benefits. The commissioners of drainage did not make their report until the twenty-seventh day of the December term, at which time they reported, with other assessments, an assessment

against the land of Munson, to the amount of $200. Munson challenged the report in respect to the amount of benefits assessed therein against his land, and he also alleged in the remonstrance which he proposed to file, that the drain recommended in the report would not be of public utility, etc. The court below refused to permit the remonstrance to be filed, presumably upon the ground that it had not been presented within the time fixed by the statute.

It was held on the former appeal, that Munson, having been prevented by the unauthorized delay of the commissioners from filing his remonstrance at an earlier period, the court erred in not permitting him to file it upon the application and showing made after the time limited therefor.

After the case was returned to the court below and redocketed, Munson, instead of filing the remonstrance which he had been refused permission to file before, moved the court to strike out the report of the commissioners of drainage, on the ground that the commissioners had been ordered to make their report on the first day of the December term, 1881, and that, without having obtained an order extending the time, they did not report until January 18th, 1882. This motion was sustained, and the proceedings were thereupon dismissed at the costs of the petitioner. From this order of dismissal the petitioner appeals.

It is certainly settled, that the right to file a remonstrance can not be impaired or defeated by the failure of the commissioners of drainage to make their report at the appointed time. It is also settled, that persons whose lands are or may be affected by the construction of a drain which has been petitioned for, may have the petition dismissed, in case the drainage commissioners, without an order of the court extending the time, fail to make their report at the time fixed therefor. *Claybaugh* v. *Baltimore, etc., R. W. Co.,* 108 Ind. 262.

The motion to dismiss or to reject the report must, however, be made at the earliest opportunity. Manifestly, the

motion comes too late after the person making it has so far recognized the validity of the report as to remonstrate, or ask leave to remonstrate, against it upon its merits.    *Updegraff* v. *Palmer*, 107 Ind. 181.

In the present case, Munson waived his right to insist upon a dismissal of the petition, on account of the failure of the drainage commissioners to file their report at the time appointed, by appearing to the report when it was filed, and by challenging, or asking leave to challenge, its merits by a remonstrance.    Having by an appeal to this court established his right to take issue with and contest the report upon its merits, he will not now be heard to say, in effect, that he was not in earnest when he asked leave to file a remonstrance, or in prosecuting an appeal in order to establish his right to remonstrate, notwithstanding the irregular report of the commissioners.

It may be assumed that if the motion to dismiss or reject the report had been made in the first instance, or as soon as the opportunity to do so was presented, the petition would then have been dismissed or withdrawn by the petitioner. Having, however, elected to waive his right to ask that the petition be then dismissed, and having at the petitioner's cost established his right to remonstrate, Munson must now proceed to make his remonstrance good or withdraw it.

The court erred in dismissing the petition.    Judgment reversed, with costs.

Filed Jan. 19, 1888.