Bohr v. Neuenschwander.

Filed Oct. 29, 1889.

| 120 | 449 |
|-----|-----|
| 122 | 8 |
| 120 | 449 |
| 131 | 441 |
| 120 | 449 |
| 152 | 248 |
| 120 | 449 |
| 155 | 656 |
| 120 | 449 |
| 160 | 521 |
| 120 | 449 |
| 169 | 75 |

No. 13,002.

BOHR v. NEUENSCHWANDER.

DRAINAGE.— Procedure.— Commissioner.— Failure to Report.—Effect of.— Where a petition was filed under the drainage act of 1883, and the requisite notice given, and the drainage commissioners were unable to report on the day designated by reason of the term-time of the court having been changed by legislative act,

Bohr *v.* Neuenschwander.

*Held,* that under sections 1325, 1326 and 1327, R. S. 1881, and a saving clause in the legislative act, a motion to discontinue the petition was properly overruled.

SAME.—*Commissioners' Report.—Discontinuance of Petition.*—Independently of the statutory provisions, the failure of the commissioners to report at the time designated will not discontinue the petition, the petitioner being without fault.

SAME.—*Report.—Extension of Time.—Who may ask for.*—When it becomes evident before the designated day that the commissioners will be unable to file their report, any of the parties interested may ask an extension of time, which the court may grant, a request from the commissioners being unnecessary.

SAME.—*Clerk of Court.—Petition and Order Fixing Report Day.—Failure of Clerk to Deliver to Commissioners.*—The failure of the clerk to deliver to the commissioners a copy of the petition and order fixing the time at which they should report, does not vitiate their report.

SAME.—*Testimony.—Witness's Opinion.*—A question as to whether, from an examination the witness had made of a certain creek, it had sufficient fall to drain the remonstrant's land, is inadmissible, as calling for the witness's opinion, and not for facts within his knowledge.

SAME.—*Evidence.—Commissioners' Report.—Remonstrant.*—The report of the commissioners of drainage is inadmissible in evidence in a proceeding where a remonstrant in the circuit court is contesting both the report and the petition.

VERDICT.—*Motion to Set Aside.—Venire de Novo.—Appeal.*—In the absence of a motion to set aside a verdict, or a demand for a *venire de novo,* a finding of the court so defective as not to justify the court in rendering judgment upon it can not be corrected by appeal.

SAME.—*Motion for New Trial.—Defective Verdict.*—A motion for a new trial does not reach a defect in the form of the verdict.

From the Wells Circuit Court.

*A. N. Martin* and *H. L. Martin,* for appellant.

*J. S. Dailey, L. Mock* and *A. Simmons,* for appellee.

BERKSHIRE, J.—This is a proceeding under what is known as the Drainage Act, approved April 8, 1881, as it was amended by the act approved March 8, 1883, and which later act is found in Elliott's Supplement, beginning with section 1175.

The petition was filed on the 15th day of January, 1885. The specifications given in the petition for the improvement

are; (1) that public health will be promoted; (2) that a certain public highway, therein described, will be benefitted, and (3) that the improvement will be of public utility.

The petition was docketed as an action pending by order of the court, February 9, 1885, and on the 12th day of said month it was referred to the commissioners of drainage, and they were ordered to meet on the 14th day of said month, and to make their report to the court on the third Tuesday therein.

On the 16th, which was two days before the time designated for the said commissioners to make their report, upon the petitioners' motion the court made an order extending the time, and designated April 28th, 1885, as the day on which the report should be made. The commissioners did not make their report on that day, and had not done so on the 12th day of May following, on which day the appellant moved for a judgment discontinuing the petition; this motion the court overruled, and the appellant excepted. On the following day the commissioners made their report, which, on motion of the appellee, was referred back to them, and the 26th day of said month designated as the day when they should report. To this order the appellant made no objection.

On said last named day the commissioners made their report, and the appellant moved its rejection, filing several written reasons therefor. This motion the court overruled, and he excepted. He then filed a remonstrance, alleging several causes, some of which only brought in question the sufficiency of the report, while others stated matters in bar of the petition.

Upon the remonstrance being filed, the cause was submitted to the court for trial, and, after hearing the evidence, it found as follows: ·

. "The court finds for the petitioner, that the assessments made on the lands of the remonstrant, Isaac Bohr, are just and equitable."

The appellant then filed his motion for a new trial, which was overruled by the court, and he excepted, after which the court rendered judgment confirming the report of the commissioners.

Numerous errors are assigned, but it does not become necessary for us to notice each specifically.

The court committed no error in refusing to discontinue the petition.

The act of 1883 was in force when the petition was filed and the commissioners appointed, and although repealed by the act approved April 8th, 1885, as to all future drainage proceedings that might be instituted, was continued in force as to all pending proceedings. This act required the petitioner to file his petition in the office of the clerk of the court, noting thereon the date at which it should be docketed, and then to give the required notice, and much like the plaintiff in an ordinary action is required to do when he commences his action during the term ; and on the day noted it becomes the duty of the court, if satisfied that the proper notice has been given, to order the petition docketed as an action pending therein.

The petition having been thus docketed becomes a pending action, made so by law, and governed by the same rules of procedure that govern other pending actions, except as specially otherwise provided. And as there is no special provision as to discontinuances in this class of cases, the statutory provisions on that subject applicable to all pending actions must be applied. These are as follows :

"Section 1325, R. S. 1881. There shall be no discontinuance of any suit, process, matter, or proceeding whatever, returnable to or pending in any circuit court, by reason of a failure of the Judge to attend on the first or any other day of the term.

"Section 1326. If a court shall not sit in any term, all matters pending therein shall stand continued until the next term.

Bohr v. Neuenschwander.

"Section 1327. If at the end of the term of any Court, any matters pending therein are undetermined, the same shall stand continued until the next term."

It would seem that these sections are broad enough to meet the contention of the appellant. But the report which the commissioners were required to make had to be made to the court, and could not be made to the judge, and could, therefore, only be made when court was in session.

The time for holding the courts in Wells county was changed by an act of the Legislature, approved March 3d, 1885, and as the result there was no court in session on the 28th day of April, 1885, hence the commissioners could not report on that day. It can hardly be claimed that this change in the law, even without a saving clause, or any other statute on the subject, would have the effect to discontinue pending actions. But section 11, of the said act of March 3d, contained an ample saving clause, and as the result thereof one of two conclusions must follow, either that it became the duty of the court, if requested so to do within a reasonable time by any of the parties interested, to designate another time for the commissioners to make their report, or else they might report within a reasonable time without such order, and in either case the appellant's motion was properly overruled. But, independently of the statutory provisions to which we have called attention, the failure of the commissioners to report at the time designated will not discontinue the petition.

We can imagine no good reason why it should; it may become evident before the arrival of the day designated that the commissioners will not be able to file their report, and in that event, if any one or more of the parties interested appears and asks that further time be granted in advance, or if, on a designated day, or within a reasonable time thereafter, such request is made, we are unable to discover any good reason why the court might not grant the request and fix another day for them to report.

The failure of the commissioners to perform their duty should not work to the prejudice of the petitioners.

It is contended by the appellant that another time can not be fixed for the commissioners to make their report, except that on the day designated the commissioners themselves appear in court and ask for further time.

We find no such provision in the statute, and, as we have already said, we can imagine no good reason why any party interested might not ask that such an order be made. It occurs to us that it can be claimed with as much plausibility that if commissioners appointed to make partition of real estate in actions of partition, fail to report at the time designated, the failure will discontinue the action. In such a case what would be the court's action? Upon the application of any party interested, if not upon its own motion, it would designate another time for the same commissioners to report, or remove them and appoint others, and designate a time for them to report.

In what we have said we have taken it as granted that the petitioners are not at fault, and act with reasonable promptness. If the commissioners fail to make their report at the time designated, and that failure rests upon any fault or wrong of the petitioners, then the court might, no doubt, in the exercise of its discretionary powers, dismiss the petition, and it might do so when the petitioners were not in fault if they fail to act with reasonable promptness when the commissioners have failed to perform their duty. This is what is decided in the cases of *Claybaugh* v. *Baltimore, etc., R. W. Co.*, 108 Ind. 262, and *Munson* v. *Blake*, 101 Ind. 78, and all that is decided.

We quote from the opinion in the first case named : " If the drainage commissioners do not report at the time designated, it may be that the petitioners could avert a dismissal by appearing at that time and asking an order against the commissioners ; but, however this may be, they can not sub-

sequently come into court, and, as of right, obtain such an order."

The facts in that case were, in substance, as follows: The commissioners were ordered to report on the third Thursday in December, 1884, which they failed to do, and on the 12th day of March, 1885, they appeared in court and requested that another time be fixed; their request was granted, and the 6th day of the following June designated; on the 24th day of said month of June, said commissioners, not having filed any report, again appeared and requested that still another time be fixed; but the court refused to grant their request, and, on motion of the appellee, dismissed the petition.

Whether the failure of the appellant to object to the order of the court, made on the 13th day of May, 1885, refusing to receive and act upon the report, but referring the same back to the commissioners with directions for them to report at another day named, was a waiver by the appellant of any right to have the petition dismissed we are not called upon to decide, for, as we have seen, he at no time had any such right; but see *Munson* v. *Blake, supra.*

The act of 1883 not having been repealed as to pending proceedings commenced before the passage of the act of 1885, the powers and duties of commissioners appointed under the former act were continued as to such pending proceedings.

The failure of the clerk of the court to perform the ministerial duty of delivering to the commissioners a copy of the petition and order fixing the time at which they should report did not vitiate their report; that was, at most, a mere irregularity.

The court committed no error in sustaining the objection to the question propounded to the witness, A. T. Stewart, as follows: "State what the fact is as to whether or not, from the examination you made yesterday of that creek, it appeared to have sufficient fall to drain Mr. Bohr's forty acres."

The question called for the witness's opinion, and not for

facts within his knowledge; besides it was an inquiry for the opinion of the witness relating to an issuable fact; one that could not be withdrawn from the court and submitted to the witness.

The court committed no error in admitting the testimony of the witness Taylor Barton as to the conversation which he held with the appellant.

The testimony was for the purpose of proving declarations made by the appellant against his interest relating to the subject-matter involved in this litigation, and was therefore competent.

The finding of the court was a general, and not a special, finding, and was radically defective, and did not respond to the issues which the court was called upon to determine; it was wholly insufficient for any purpose; it was so defective as not to justify the court in rendering judgment upon it.

In the case of *Keller* v. *Boatman,* 49 Ind. 104, the learned judge delivering the opinion said of the verdict of the jury: "The words, 'We, the jury, find that plaintiff had a right to replevy the mill,' amounts to no more than a conclusion of law, which the jury could not decide. They express no fact on which such a judgment could be rendered." The judgment rendered was for possession of the mill in controversy.

In *Ridenour* v. *Beekman,* 68 Ind. 236, the verdict of the jury was in the following form: "We, the jury, find the property was replevied in Miami county, and at the commencement of this suit the right of and possession thereto was in the plaintiff, and assess his damages at twenty-five dollars."

In that case, the learned judge delivering the opinion, said: "We are of the opinion that the verdict was radically defective, and did not justify the rendition of any judgment, and, therefore, that the motion for a *venire de novo* should have prevailed. The verdict does not, in terms, find the issue joined between the parties either one way or the other."

A verdict must answer all the material points in issue.

*Cranch* v. *Martin,* 3 Blackf. 256.    See *Scraper* v. *Pipes,* 59 Ind. 158.

But the question as to the defect in the finding is not properly in the record, and therefore the appellant can not have the error corrected by this appeal.    He did not move in the court below to set aside the verdict, nor did he ask that a *venire de novo* be awarded.    *Moore* v. *Read,* 1 Blackf. 176 ; *Tardy* v. *Howard,* 12 Ind. 404; *Anderson* v. *Donnell,* 66 Ind. 150.

A motion for a new trial does not reach a defect in the form of the verdict.    *Bosseker* v. *Cramer,* 18 Ind. 44 ; *Bell* v. *State,* 42 Ind. 335 ; *Anderson* v. *Donnell, supra ; Green* v. *Elliott,* 86 Ind. 53 ; *Bunnell* v. *Bunnell,* 93 Ind. 595 ; *Carver* v. *Carver,* 83 Ind. 368 ; *Thayer* v. *Burger,* 100 Ind. 262 ; *Cottrell* v. *Shadley,* 77 Ind. 348 ; *Ridenour* v. *Miller,* 83 Ind. 208 ; *Bartley* v. *Phillips,* 114 Ind. 189.

But the court erred in admitting in evidence the report of the commissioners.    By his remonstrance the appellant joined issue upon the report as well as upon the petition.    Elliott's Suppl., section 1177.

It is true, as contended by counsel for the appellee, that the report was before the court as a paper in the case, but it was not before it as a piece of evidence in the case.    In determining the questions at issue the court could not consider the report as evidence, unless introduced in evidence, any more than it could consider the statements found in any pleading or paper relating to the issues of any case which might come before it for trial.    But when introduced in evidence it was before the court for consideration with other evidence in the case.    When the court overruled the appellant's objection, and allowed the commissioners' report to be read in evidence, this was a decision that it was competent evidence ; and if competent evidence, when the court came to make up its finding it was its duty to consider it and weigh it as a part of the evidence in the case, and we must presume that it did so weigh and consider it.

We can see no distinction in principle between the introduction of the report in this case from that of viewers in proceedings to establish a highway appealed from the board of commissioners to the circuit court, or the report of the appraisers where there has been an appeal to the circuit court from the board of commissioners in a proceeding to establish a ditch or drain. In either case the report is not competent evidence. The commissioners, appraisers, or viewers are competent witnesses, and may give original testimony.

In *Coyner* v. *Boyd*, 55 Ind. 166, the learned judge who delivered the opinion said : " The questions in issue on appeal were questions of fact, such as, whether the proposed road was of public utility, whether it ran through the appellant's enclosure, etc., and whether he was entitled to damages, and, if so, how much ? Upon these questions, the reports of the viewers and reviewers were but the embodiment of the conclusions at which they had arrived. It was the province of the jury, in trying the cause on appeal, to determine the questions involved from competent evidence laid before them, and not from the conclusions of viewers or reviewers upon the same questions. As well might it be said that the verdict of a jury on the trial of a cause before a justice of the peace would be competent evidence to prove the facts of the case on the trial of the cause on appeal to the circuit court."

This language applies with as much force to the present case as in the case in which the opinion from which it is taken was delivered.

In the case of *McKinsey* v. *Bowman*, 58 Ind. 88, the learned judge delivering the opinion says : " The report of the appraisers was one of the papers in the case upon which the trial was founded ; it was not an instrument of evidence in its own support." The same is exactly true of the report of the commissioners in the present case. See *Freck* v. *Christian*, 55 Ind. 320 ; *Beck* v. *Pavey*, 69 Ind. 304 ; *Corey* v. *Swagger*, 74 Ind. 211.

Because of the error in admitting the report of the com-missioners in evidence, the judgment must be reversed.

Judgment reversed, with costs.

Filed Oct. 29, 1889.