## NORTHERN INDIANA LAND COMPANY ET AL.
### *v.* TYLER ET AL.

[No. 21,062. Filed May 26, 1908.]

1. DRAINS.—*Preliminary Reports.—Time of Filing.—Motions to Strike Out.*—A motion to strike out a preliminary report in a drainage proceding, made after the filing of a "remonstrance" to such report, is too late. pp. 470, 471.

2. SAME.—*Preliminary Reports.—Remonstrances.—Exceptions.*—A "remonstrance" to a preliminary report in a drainage proceeding, is irregular; but such "remonstrance" may be considered as an "exception," which is the statutory method (§5624 Burns 1905, Acts 1905, p. 456, §3) of presenting objections to such report. p. 471.

3. SAME.—*Preliminary Reports.—Exceptions.—Sufficiency.*—An exception to a preliminary report in a drainage proceeding, stating

that "the preliminary report filed herein is not according to law," is insufficient, though the statute in reference to exceptions to final reports in such cases (§5625 Burns 1905, Acts 1905, p. 456, §4) provides that one ground of remonstrance shall be that "the report is not according to law." p. 471.

4. EVIDENCE.—*Preliminary Drainage Reports.*—*Drains.*—The preliminary report in a drainage proceeding, under §5624 Burns 1905, Acts 1905, p. 456, §3, is, in all subsequent proceedings, *prima facie* evidence of the facts stated therein. p. 472.

5. DRAINS. — *Objections.*—*Statutes.*—*Construction.*—The drainage act of 1905 (Acts 1905, p. 456, §8, §5629 Burns 1905) should receive a liberal construction; and no person, who is not personally affected thereby, can take advantage of any defect in a drainage proceeding. p. 472.

From Jasper Circuit Court; *Charles W. Hanley,* Judge.

Drainage proceeding by William H. Tyler and others, against which the Northern Indiana Land Company and others remonstrate. From an interlocutory judgment overruling such remonstrance, remonstrators appeal. *Affirmed.*

*Foltz & Spitler, Parkison & Hamilton* and *John R. Bierma,* for appellants.

*George A. Williams,* for appellees.

MONKS, J.—This appeal is from an interlocutory order, referring the petition back to the drainage commissioners, with directions to proceed with the work, made by the court below under section three of an act concerning drainage approved March 6, 1905 (Acts 1905, p. 456, §5624 Burns 1905).

It appears from the record that the proceeding was brought under said act in the court below for the drainage of the lands described in the petition. Such proceedings were had in said cause that the court at its September term, 1906, referred the petition to the drainage commissioners, directing them to meet on November 14, 1906, and file their preliminary report on or before December 3, 1906. The drainage commissioners without asking or obtaining any order of the court extending the time, on March 18, 1907, after the close of the February term, 1907, filed their said report. On April 6, 1907, appellants filed separate pleadings

in said cause, which they denominate "remonstrances to the preliminary report." On April 9, 1907, the same being the second judicial day of the April term, 1907, of said court, appellants refiled their said "remonstrances to the preliminary report" in said cause, and said "cause was set for trial May 2, 1907." Afterwards, on May 2, 1907, the 'day set for trial, appellants again refiled said "remonstrances to the preliminary report," and they also on said day filed a motion to strike out said preliminary report, for the reason "that said report was not filed on or before December 3, 1906, as required by the order of court, but was filed on March 18, 1907, without obtaining any order of court extending the time for the filing thereof." The court overruled said motion, and the cause, being at issue, was submitted to the court for trial, and the court found "against all said remonstrances on file," and found affirmatively as to the third and fourth items of said preliminary report required by said section three of said act of 1905, and referred the petition back to the drainage commissioners, with directions to proceed with the work and make a final report as provided in section four of said act (Acts 1905, p. 456, §5625 Burns 1905).

Appellants·insist "that as said preliminary report was not filed within the time ordered by the court it was void, and the court erred in overruling the motion to set the same aside." Citing *Munson* v. *Blake* (1885), 101 Ind. 78; *Lipes* v. *Hand* (1886), 104 Ind. 503; *Blake* v. *Quivey* (1888), 113 Ind. 124; *Claybaugh* v. *Baltimore, etc., R. Co.* (1887), 108 Ind. 262. It was held in said cases cited by appellant, under the circuit court drainage laws of 1881 and 1883, that when the report of the commissioners is not filed within the time fixed by the court, and no extension of time is asked for, or other action taken, the petition may be·dismissed on motion of the party affected. It is also held, however, in *Blake* v. *Quivey, supra,* that such motion "must be made at the earliest opportunity," and that

the same "comes too late after the party has appeared and filed a remonstrance thereto or asked leave to do so, and should be overruled."

Said section three of the act of 1905, *supra,* makes no provision for a remonstrance against said preliminary report, but only provides for filing "exceptions thereto."

2. The most that appellants can ask, therefore, is that the remonstrance filed by them to the preliminary report be treated as an exception to said report under the provisions of said section three of the act of 1905, *supra.*

Treating the same as exceptions to said preliminary report, we find the first exception is that "the preliminary report filed herein is not according to law." This is

3. the first ground of remonstrance against the final report provided for in section four of the act of 1905, *supra.* It has been uniformly held by this court that, even as a ground of remonstrance against the final report, it is not sufficient to use the general terms of the statute that "the report is not according to law," and that the same presents no issue for trial; the particulars, in which it is claimed the report is, in that respect, defective, must be specified. *Hudson* v. *Bunch* (1888), 116 Ind. 63, 66, 67, and cases cited; *Meranda* v. *Spurlin* (1885), 100 Ind. 380, 381, 382, and cases cited; *Osborn* v. *Sutton* (1886), 108 Ind. 443, 447, and cases cited; *Updegraff* v. *Palmer* (1886), 107 Ind. 181, 183; *Higbee* v. *Peed* (1884), 98 Ind. 420, 421, 422. It is evident that said first ground of exception was not sufficiently specific to present any question concerning said preliminary report.

The other grounds of exception "stated in said remonstrances" went to the merits of said preliminary report.

By their exceptions to said preliminary report appel-

1. lants appeared and acknowledged the validity and legality thereof, and, under the · cases cited by them, it was too late thereafter to make a motion to dismiss or strike out said report. As was said by this court in

*Blake* v. *Quivey, supra,* page 125: ''The motion to dismiss or reject the report must, however, be made at the earliest opportunity. Manifestly, the motion comes too late after the person making it has so far recognized the validity of the report as to remonstrate, or ask leave to remonstrate, against it upon its merits. \* \* \* In the present case Munson waived his right to insist upon a dismissal of the petition, on account of the failure of the drainage commissioners to file their report at the time appointed, by appearing to the report when it was filed and by challenging, or asking leave to challenge, its merits by a remonstrance.'' It is clear the court below did not err in overruling appellant's motion to strike out said preliminary report.

At the hearing of said preliminary report and the exceptions thereto the court admitted in evidence said report over the objection of appellants. Said section three

4. expressly provides that said preliminary report ''shall in all subsequent proceedings be *prima facie* evidence of the facts therein stated.'' Appellants, as we have held, had waived any right they had to insist upon the striking out of said report on account of the failure of the drainage commissioners to file the same within the time fixed by the court, and for the same reason had waived any right to object to its being ''*prima facie* evidence of the facts therein stated,'' as provided in said section three. No reversible error was committed by the court in permitting said preliminary report to be read in evidence.

Section eight of the act of 1905, *supra* (§5629 Burns 1905), provides: ''This act shall be liberally construed to promote the drainage of wet or overflowed lands.

5. \* \* \* Nor shall any person, at any stage of the proceedings, be permitted to take advantage of any error, defect or informality which does not directly affect himself.''

Finding no available error, the judgment is affirmed.