## LITTLE *v.* THOMPSON and Others.

PRACTICE—AMICUS CURIÆ.—On the filing of the report of the viewers before the commissioners, in a proceeding for the location of a highway, A appeared as a friend of the court, and asked to file the dismissal of one of the petitioners, and to show by affidavit that another of the petitioners was not a resident of the county.

*Held,* that as A was not a party to the record he had no right to be heard in the case at that time. Page 147.

ROADS—PETITIONS FOR.—JURISDICTION OF BOARD.—On the trial, in the circuit court, of an application for the location of a highway, the defendant filed the affidavit of one of the petitioners that he was not a resident of the county at the time of signing, &c., and moved the court to dismiss the cause, on the ground that twelve resident freeholders of the county had not signed the petition.

*Held,* that as the objection did not appear on the face of the petition, it should have been presented by plea in abatement, and not by motion; and even if raised by plea it would have been too late, under sec. 54, 2 G. & H. 81. Page 148.

*Held,* also, that before a county board can take jurisdiction of an application for the location of a highway, it must appear, 1st, that notice of the application has been given; 2d, that twelve freeholders of the county have signed the petition; and 3d, that six of the petitioners are of the immediate neighborhood of the road. Page 149.

*Held,* also, that any one interested may appear and contest any of these jurisdictional facts, but the finding and judgment of the board upon these points, when entered of record, is conclusive in such case. Page 150.

*Held,* also, that the dismissal of the petition, by one of the twelve petitioners, will not oust the jurisdiction after it has once attached. Page 151.

APPEAL from the *Hamilton* Circuit Court.

ELLIOTT, C. J.—*Thompson* and others, to the number of twelve, filed a petition before the Board of Commissioners of *Hamilton* County, praying for the location and establishment of a public highway in said county; and the record states that "the board, after examination of the matter, being

satisfied that the requirements of the statute in such case made and provided have been complied with by the petitioners, in all matters relating to the petition herein," appointed viewers to view the proposed highway, and report as to its public utility at the next session of the board. At the succeeding term of the board, two of the viewers appointed reported in favor of the proposed highway. *O'Brien* then "appeared as the friend of the court," and filed a written dismissal of one of the petitioners, and also offered to file an affidavit that *James Carson*, another of the petitioners, was not a resident of *Hamilton* county, &c., and that the names of *John* and *Benjamin Devaney* were on that day placed on the petition. The court refused to entertain the motion, and rightly. *O'Brien* was not a party to the record, and had no right to be heard in the case at that time.

*John Little*, a resident, through whose land the proposed highway passed, then appeared and filed his remonstrance against it. The reasons assigned are: 1st, the proposed highway is not of public utility; 2d, that a part of it is already a public highway; 3d, because there is another road within one-fourth of a mile of the one proposed.

The board thereupon appointed three reviewers to review it, and the matter was continued. At a subsequent session of the board, *Amos Pettyjohn*, one of the petitioners, filed, as to himself, a dismissal of the petition, and then *O'Brien* again moved to dismiss, because there were not twelve free holders of the county parties to the petition. The board overruled the motion, and, we think, correctly, because the names of twelve persons remained on the petition, who, from the statements in the record, we must presume were resident freeholders of the county.

The persons appointed to review the proposed highway, afterward reported in favor of it, as one of public utility.

*Little* then filed a claim for damages, and the board appointed viewers to assess and report the same, if any, to the board.

The last named viewers reported that the proposed highway was of public utility, and that the said *Little* would sustain no damage thereby. The board thereupon ordered a record of said highway to be made, and that the same should be opened and kept in repair.

*Little* appealed to the circuit court, where the case was tried by a jury, who found that the highway proposed was of public utility, and against *Little's* claim for damages. Motion for a new trial overruled, and judgment, on the finding of the jury, that the road is of public utility, and against *Little* for costs.

*Little* appeals to this court. Before the trial of the cause in the circuit court, he filed the affidavit of *James Carson*, one of the petitioners, stating that he was not, at the time of signing said petition, nor at the time the same was presented to the board of commissioners, a resident of *Hamilton* county, and thereupon moved the court to dismiss the cause, on the ground that there were not twelve resident freeholders of the county joining in the petition, at the time it was presented to the board of commissioners. The circuit court overruled the motion, and that ruling is now urged as a cause for reversing the case.

We do not think the court erred in overruling the motion. The objection goes to the capacity of one of the petitioners to join in the petition; and, as the objection did not appear on the petition, if it could have been presented at any time after the appointment of the first viewers, it should have been raised by a plea in abatement, and not by motion. But even if raised by such plea in the circuit court, it would have been too late. The statute provides that if the objection be not taken "either by demurrer or answer, the defendant shall be deemed to have waived the same, except only the objection to the jurisdiction of the court over the subject of the action," &c., 2 G. & H., § 54, p. 81. The provision is found in the civil code, but is applicable to trials before the board of commissioners. The ninth section of the "act providing for the organiza-

tion of county boards," &c., 1 G. & H. 249, provides that, "Such commissioners shall adopt regulations for the transaction of business, and in the trial of causes they shall comply, so far as practicable with the rules of conducting business in the Circuit Court," *Little* appeared in the commisioner's court, and made no objection to the capacity of the petitioners to file the petition, but answered to the merits of the petition by remonstrance, denying that the proposed highway was of public utility. *John H., Thomas* and *Benjamin Devaney,* three of the petitioners, appeared and filed in the Circuit Court a written dismissal of the cause as to themselves. Upon which *Little* again moved the court to dismiss the petition, which motion the court overruled. He then filed an answer in abatement, stating all the facts upon which the several motions to dismiss were founded, and verified it by an affidavit. The court sustained a demurrer to the answer, which is assigned as error. By the averments in the answer, it is shown that by the dismissals filed by a part of the petitioners, the number remaining was reduced below twelve, and it is therefore argued by the appellant's counsel, that the dismissal by a part of the petitioners ousted the Circuit Court of jurisdiction of the cause, and that the court erred in not sustaining the plea in abatement. The question presented is not free from doubt. It arises in a case belonging to a class in which the rules of practice are not well defined by statute, and seems to present a proper occasion for us to indicate what we regard as a proper rule of practice in such cases, in the hope that it may assist in furnishing a guide which will relieve the subject of some difficulty.

The facts necessary to give the commissioners jurisdiction in the matter were: 1st, that the requisite notice of the petition had been given; 2d, that the petition was signed by twelve freeholders of the county; 3d, that six of the petitioners were of the immediate neighborhood of the proposed highway.

The board had authority to do nothing until these facts were shown to exist. As to , the notice, the statute certainly so provides, and as to the other jurisdictional facts, it may not be an unfair construction to hold that it requires them also to be shown, before any step can be taken toward granting the prayer of the petition. The facts are required to exist to give the commissioners jurisdiction. They cannot appoint viewers without entertaining such jurisdiction, and inasmuch as no adversary party is made in the petition, or provided for by the statute, whose duty it is to appear at the time it is filed, it would seem but reasonable that the commissioners should require of the petitioner proof of the facts necessary to give jurisdiction. The requirement of the statute, that notice of the petition should be given, it seems to us, implies that any freeholder of the county, or perhaps any person who may be interested in the subject matter, may appear at the time the petition is presented, and contest any of such jurisdictional facts; otherwise there would seem to be no object in requiring such notice. The time for this inquiry, then, precedes the appointment of viewers. It cannot be made afterward, and it must be made at that time, whether any one appears to raise the objection or not. If any one should appear at the time the petition is presented, and raise the objection, we think he might do so, and produce evidence touching the question of jurisdiction, without a plea in abatement. If the objection is not made at that time, the finding and judgment of the board upon that subject, entered of record, is in such a case conclusive upon it.

It is not doubted but that any petitioner may withdraw, at any time before the question of jurisdiction has been passed upon by the board. Twelve in all, six of whom must be of the neighborhood, must ask for the road, in order to put the proceedings in motion; but there would be great unfairness in permitting one of the twelve afterward to dismiss the case, and involve his fellow petitioners in costs, without their consent. It seems reasonable, how-

ever, that he should at any time be permitted to relieve himself from future liability, without injury to others, by dismissing the petition as to himself alone. This he may do, but it will not result in defeating the jurisdiction, after it has once attached. Here, the appellant appeared before the board, at the time the first viewers filed their report in favor of the road, and, under the statute, made himself a party by remonstrating against the public utility of the proposed highway, and by subsequently claiming damages. These questions formed the issues presented by him. He was defeated before the commissioners, and appealed the case to the circuit court, where the same issues were again presented for trial, and we think that he cannot complain that the jurisdiction of the court was not defeated by the dismissal of the petition by a part of the petitioners, as to themselves alone.

It is also objected that the finding of the jury is contrary to the evidence.

The evidence is in the record. A large number of witnesses were examined, and their statements and opinions are very conflicting, both as to the public utility of the proposed highway, and on the question of damages. We cannot say that the evidence does not justify the finding, and, therefore, cannot disturb the judgment on that account.

The judgment is affirmed, with costs.

*J. O'Brien,* for appellant.

*D. Moss,* for appellees.