## HINER *v.* PAVY.

APPEAL.—*Notice to Co-Parties.*—Where an appeal from a refusal of the county commissioners to vacate a road on petition is taken to the circuit court by one of the petitioners, and an appeal is again taken to the Supreme Court, the provisions of section 551, 2 G. & H. 270, as to the notice to co-parties, must be complied with.

APPEAL from the Decatur Circuit Court.

BUSKIRK, J.—The appellant and eleven others presented to the board of commissioners of Decatur county a petition, praying for a vacation of a certain highway therein described. The appellee filed a remonstrance against the vacation of such highway. The board of commissioners appointed viewers, who reported that the highway was not of public utility, and should be vacated. Thereupon the board, upon the request of the appellee, appointed reviewers who reported that the highway was of public utility and against its vacation. The board then made an order refusing to vacate such highway. From this order the petitioners appealed to the circuit court. In the circuit court, the question of whether the road was of public utility was submitted to a jury. The jury found that the highway was of public utility. The court then rendered judgment against the vacation of the highway.

The appellant alone appeals to this court. The appellee insists that the appeal should be dismissed, because, first, the statute requires twelve persons to sign the petition, and that the twelve constitute but one party; and, second, conceding the right of one of the petitioners to appeal, he can only do so in conformity to section 551 of the code, 2 G. & H. 270.

It is not necessary that we should decide whether all of the petitioners constituted but one party, and that all of them had to join in the appeal to this court, and on that point we decide nothing, but refer to the case of *Little* v. *Thompson*, 24 Ind. 146.

But, conceding that one of the twelve petitioners has the

right to appeal, he must do so in accordance with the provisions of section 551 of the code, 2 G. & H. 270.

By that section, "a part of several co-parties may appeal, but in such case they must serve notice of the appeal upon all the other co-parties, and file the proof thereof with the clerk of the Supreme Court," etc.

This has not been done in the present case, and the objection being made and insisted upon, we must dismiss the appeal.

The appeal is dismissed, at the costs of the appellant.

*J. Gavin, J. D. Miller, C. Ewing*, and *J. K. Ewing*, for appellant.

*S. A. Bonner*, for appellee.