Filed Sept. 19, 1884.

———————◆———————

No. 11,605.

SMITH ET AL. *v.* SMITH ET AL.

DRAINAGE.—*Docketing Petition.—Practice.—Diligence.— Waiver.*—A petitioner for drainage, under sections 4273-4284, R. S. 1881, and amendments thereto, should fix and note on his petition a day for docketing the same; and where the court, without such endorsement, and without a finding that proper notice had been given, orders the same to be docketed, the proceedings are irregular, but if not objected to within three days after the petition is docketed, the irregularities are waived unless excuse for the delay is shown.

SAME.—*Report of Commissioners.—Remonstrance.*—A report of commissioners of drainage need not state when or where they met, and a statement in the remonstrance, that they "did not meet at the time and place" fixed by the court, is too indefinite.

SAME.—No report is required as to lands not affected by the proposed work, though such lands be mentioned in the petition.

SAME.—*Remonstrance.*—*Practice.*—A remonstrance which presents no material question may be struck out on motion.

From the Huntington Circuit Court.

*T. G. Smith,* for appellants.

*B. M. Cobb* and *C. W. Watkins,* for appellees.

HAMMOND, J.—Appellees have filed a motion to dismiss the appeal in this case for the alleged insufficiency of the assignment of errors. But as they have not in any manner pointed out any defect in the assignment of errors, their objections thereto must be regarded as waived.

The appeal is from proceedings, upon the appellees' petition, establishing a ditch under the act of 1881 and the amendments of 1883, regulating such proceedings in circuit and superior courts. Sections 4273 to 4284, R. S. 1881, Acts 1883, pp. 173 to 182. Appellees' petition was filed May 14th, 1883, but they did not " fix and note thereon the day set for docketing thereof," as required by section 3 (4275), as amended by section 2 of the act of 1883. The court, on June 7th, 1883, without finding that notice had been given as required by said amended section 3, made an order placing the petition on the dockets of the court. On the 12th of the same month, there was a finding by the court that proper notice had been given of the petitioners' intention to present the petition, and an order was entered referring such petition to the commissioners of drainage, fixing a time and place for their meeting to discharge the duties required of them by law, and directing them to report at the following term of court. At the ensuing term, being the October term, 1883, the appellants, prior to the filing of the commissioners' report, moved the court to dismiss the petition and to set aside the proceedings thereon for the reason that appellees had not fixed and noted on such petition any day for docketing the same. This motion was overruled, appellants excepted, and this is the first alleged error complained of.

The order of court, directing the petition to be placed on docket, was irregular for the want of an endorsement on the petition fixing the time for such docketing. It was also irregular to order it to be docketed without first finding that notice had been given as provided by statute. The objections to these irregularities, if they had been offered at the proper time, would have been well taken. But the appellants were too late in presenting their objections, especially as no excuse was shown for their delay. It is provided by amended section 3, *supra,* that "Every person owning land shall have three days after said petition is docketed to file with said court any demurrer, remonstrance, or objection he may have to the form of said petition. * * * All objections to the petition, * * * not made within said three days, shall be deemed waived."

After the petition was docketed, five days elapsed before it was referred to the commissioners of drainage. By the order of reference the commissioners were required to meet to perform their duties with regard to the petition at a time named in vacation before the following term of court. Now, after they had performed their work, except as to the mere formality of presenting their report to the court, to permit the appellants to appear and make objections to the petition which should have been presented within three days after it was docketed, without showing cause for the delay, would not only be in direct violation of the statute, but would encourage negligence and procrastination in legal proceedings inconsistent with the due administration of the law.

Amended section 8 of the act under consideration (Acts 1883, p. 179) provides that the "collections of assessments shall not be defeated by reason of any defect in the proceedings occurring prior to the judgment of the court confirming and establishing the assessment of benefits and injuries, but such judgment shall be conclusive that all prior proceedings were regular and according to law."

The irregularities complained of and attempted to be

reached by appellants' motion to dismiss the petition, and to set aside the orders docketing and referring the same to the commissioners of drainage, were such as would not render the proceedings void, but were cured by the judgment confirming the assessments. And we think, also, that appellants' failure to present their objections to such irregularities within the time limited by statute must be regarded as a waiver of such objections. There was no error in overruling the motion to dismiss the petition and the proceedings thereon.

At the said October term of court, namely, on November 10th, 1883, the commissioners of drainage filed their report showing that they had personally inspected all the lands described in the petition and all other lands liable to be affected by the proposed work; that, in their opinion, the proposed drainage would be of public utility, would benefit a certain described highway, and also benefit the public health, and that the cost of its construction would be less than the benefits derived therefrom. They estimated the cost of the work at $1,000. They also estimated the benefits and injuries to the several tracts of land affected by the proposed work, showing that there would be no injuries, and that the aggregate amount of benefits would be $1,103. The report gave the termini and route, location and character of the proposed method of drainage, and fixed the same by metes and bounds, etc. The commissioners attached to their report their affidavit, to the effect that they had each personally examined each tract of land assessed for benefits and damages, and the whole route of the proposed work, and that such drain was of sufficient capacity to carry, without overflowing, all the water which flowed or should flow along such route in ordinary stages; that no other lands than those described in their report would be either benefited or damaged by the construction of the proposed work; that all statements in their report were true and correct; and that all assessments of benefits and injuries set forth therein were correct, just, fair and

equitable. The report and affidavit followed, substantially, the forms prescribed and declared to be sufficient in all cases where they are applicable. Section 4284, R. S. 1881.

The appellants' lands were embraced in the assessments of benefits. They remonstrated against the report of the commissioners of drainage on the ground that the report was not according to law, specifying, as their objections thereto, that it failed to show affirmatively that the commissioners met at the time and place fixed by the court, and averring that they did not so meet; that they did not report on October 15th, 1883, the day fixed by the court for that purpose; that they made no report as to two tracts of land described in the petition; that the report did not find whether or not the proposed drainage was practicable, nor whether it would benefit any public highway in Huntington county, nor whether the costs, damages and expenses would be less than the benefits; that it did not determine the best and cheapest method of drainage, and did not assess the benefits or injuries to each separate tract of land to be affected by the proposed work, nor give any full or sufficient description of the lands assessed.

The form prescribed by the Legislature, and declared to be sufficient where applicable, does not require the commissioners to state in their report that they met at the time, and place fixed in the order of court. It was their duty to meet substantially at the time and place thus designated, and in the absence of proof to the contrary, the presumption would be that they did so meet. The averment in the remonstrance, that they did not meet at the time and place prescribed in the order, was too general. It tacitly admitted that they met at some time and place, and these should have been stated, so that the court could determine whether the discrepancy between the actual time and place of meeting, and the time and place fixed in the order of court, was material.

Appellants were mistaken in alleging that the commissioners were required to report on October 15th, 1883. They

were required to report at the next term of court after the petition was referred to them. The record shows that they did report at that term.

The law requires the commissioners of drainage to examine and report as to all lands affected by the proposed work, but as to lands not so affected, no report is required, even though such lands are described in the petition.

Other objections to the report of the commissioners, as specified above, are shown by the report itself not to have been well assigned.

The remonstrance above mentioned was struck out by the court on appellees' motion. This ruling is complained of, but we think it was correct. The objections to the report of the commissioners, specified in the remonstrance, were, with one exception, as to matters of form in the report, and, so far as material, were at variance with the report, and were, therefore, not well taken. In the exception referred to there was an attempt to aver that the order of court as to the time and place of the meeting of the commissioners was not complied with, but this averment, as we have seen, was not sufficiently specific to raise a material issue.

Other remonstrances were filed by the appellants to the report of the commissioners, and the issues thus made were tried by the court, resulting in a finding and judgment confirming the assessments. Appellants' motion for a new trial was filed and overruled, but no question upon this ruling is made in the appellants' brief.

The judgment should be, and accordingly is, affirmed, with costs.

Filed Sept. 27, 1884.