Osborn *et al. v.* Sutton *et al.*

No. 12,973.

## OSBORN ET AL. *v.* SUTTON ET AL.

.Jurisdiction.—*Failure to Enter Order Continuing Cause.*—Where jurisdiction is once acquired, it is not lost by the omission to enter orders continuing the cause.

Free Gravel Road.—*Assessment Committee.— Report.— Time of Filing.— Notice.—Dismissal of Petition.*—As the statute relating to the establishment of free gravel roads does not require the committee appointed to make assessments of benefits to report at a fixed time, but does provide that the county auditor shall give notice of the filing of such report, mere delay in filing it is not sufficient ground for dismissing the petition.

. Same.—*Declaration of Jurisdiction.* — It is not necessary for the board of commissioners to enter a formal order declaring that it has jurisdiction, or that all jurisdictional facts have been shown. An order directing the establishment of the road, and appointing a committee to assess benefits, is a sufficient assertion of jurisdiction.

. Same.—*Competency of Committeeman.—Objection to.— Waiver.*—An objection to the competency of a member of the assessment committee must be made either at the time the committee is appointed, or within a reasonable time after the incompetency becomes known, or it will be deemed waived.

·Same.—*Sufficiency of Petition.—Delay in Questioning.*—It is too late to object that there is not a sufficient number of qualified petitioners, after the report of the viewers has been approved and the assessment committee appointed.

Same.— *Vacancy in Assessment Committee.— How Filled.*—The board of commissioners have power to fill any vacancy that may occur in the assessment committee.

Same.—*Indebtedness of County. —Statutory Limit.—Bonds.—Plea in Abatement.* —A remonstrance on the ground that the county is indebted beyond the limit allowed by the statute, and has therefore no power to issue bonds to pay for the proposed gravel road, is insufficient unless it is affirmatively made to appear that bonds are likely to be issued in violation of the law.

;Same.—*Locating Road on Land Appropriated for Public Ditch.—Remonstrance.* —A cause of remonstrance by land-owners affected by the proposed road, that it is located for a certain distance on land previously appropriated for a public ditch, is not, without more, sufficient.

. Same.—*Questions on Appeal.*—No question can be raised on appeal that is not presented to the board of commissioners.

Practice.—*Objections Must be Specific.*—Objections must be specifically stated or they will not be considered.

From the Howard Circuit Court.

| 108 | 443 |
| 127 | 433 |
| 108 | 443 |
| 128 | 76 |
| 108 | 443 |
| 132 | 499 |
| 133 | 91 |
| 108 | 443 |
| 135 | 334 |
| 108 | 443 |
| 137 | 363 |
| 108 | 443 |
| 146 | 220 |
| 108 | 443 |
| 148 | 691 |
| 108 | 443 |
| 155 | 488 |
| 108 | 443 |
| 158 | 337 |
| 108 | 443 |
| 160 | 659 |
| o160 | 660 |
| 108 | 443 |
| 170 | 471 |
| 108 | 443 |
| 171 | 46 |

*M. Garrigus, J. E. Moore, M. Bell* and *W. C. Purdum,* for appellants.

*J. O'Brien, C. C. Shirley, J. F. Elliott* and *L. J. Kirkpatrick,* for appellees.

ELLIOTT, C. J.—On the 11th day of March, 1882, the appellees petitioned the board of commissioners of Howard county to establish a free gravel road, and to direct an assessment of benefits and damages to be made. Viewers were thereupon appointed, and a report was made by them on the 14th day of June, 1882. On this report the proper order was made, and William Middleton, David Greeson, and William H. Conwell were appointed a committee to make the assessment.

On the 12th day of September, 1883, nine of the appellants appeared and moved the board to dismiss the petition and proceedings, assigning as the causes for the motion: *First.* That the petition was not signed by a majority of the resident land-holders, and that it was not so recited in the order. *Second.* That the order appointing the committee was made on the 7th day of June, 1882; that no entry of continuance was made, although three regular sessions of the board had been held in the interval between the time the motion was made and the order entered appointing the committee, and that changes were made in the ownership of lands during that period.

The petitioners moved to strike from the files the motion of the appellants, and the motion of appellees was sustained. There was no error in this ruling.

The board of commissioners did not lose jurisdiction of the cause by reason of the failure to enter an order continuing the proceedings. Where jurisdiction is once acquired, it is not lost by the omission to enter orders continuing the cause. *Stoddard* v. *Johnson,* 75 Ind. 20, see p. 34; *Black* v. *Thomson,* 107 Ind. 162.

Had there been no notice of the time fixed for the meeting

of the viewers, or had the time fixed been disregarded, a very different question would have been presented. *Hobbs* v. *Board, etc.*, 103 Ind. 575. Here there was notice to the viewers, and they did meet at the time designated, but the committee appointed to make the assessments delayed reporting. If the statute required the committee to report at a fixed time, there would be much force in the contention of appellants, but there is no such provision in it. The statute directs that the report shall be filed with the auditor, and that he shall give notice of the time and place that the commissioners will meet to consider the report, thus giving an ample opportunity to the land-owners to be heard. R. S. 1881, section 5096. The case is, therefore, essentially different from those in which the statute directs that the report of assessors shall be made at a designated time, so that the cases of *Hobbs* v. *Board, etc., supra,* and *Claybaugh* v. *Baltimore, etc., R. W. Co., ante,* p. 262, are not in point.

It was not necessary for the board of commissioners to enter a formal order declaring that it had jurisdiction of the case, or that all jurisdictional facts had been shown. A general order or judgment is a sufficient declaration of jurisdiction, for the assumption of authority is an assertion of jurisdiction without any formal statement of the facts essential to give jurisdiction. *Cauldwell* v. *Curry*, 93 Ind. 363; *Platter* v. *Board, etc.*, 103 Ind. 360; *Carr* v. *State, etc.*, 103 Ind. 548; *Jackson* v. *State, etc.*, 104 Ind. 516; *Pickering* v. *State, etc.*, 106 Ind. 228.

Here there is a recital of many of the essential facts, and an order directing the establishment of the road, and appointing a committee to assess benefits, so that it is quite clear that the order sufficiently asserts jurisdiction.

Where, in cases like the present, the land-owner is entitled to notice of the filing of the report of the committee appointed to assess benefits, he is not, at all events, entitled to a dismissal of the petition because of a delay of the committee in making the report. *Updegraff* v. *Palmer*, 107

Ind. 181. Whether the delay might, or might not, be made the basis of an exception to the report, is not here the question, for the question here is, will such an objection sustain a motion to dismiss the petition?

The section of the statute we have referred to gives the land-owner ample opportunity to except to the report, but it does not enable him to secure a dismissal of the petition by an objection based on the action or non-action of the committee.

The committee to assess benefits was appointed on the 9th day of June, 1882, and no objection was made to the competency of its members until January 25th, 1884, when the appellants objected to the competency of two of them, on the ground that they had been viewers under the order of the board; but, in the same motion, they objected to the appointment of a new committee. We think that there was no error in overruling the appellants' objections. One reason for this is, that they assumed inconsistent positions—one effectually destroying the other. The old maxim, "He is not to be heard who alleges things contradictory to each other," applies here with full force. Another reason is, that the objection came too late; it should have been made at the time the committee was appointed, or at least within a reasonable time after the appellants had knowledge of the alleged incompetency of the committee. *Smith* v. *Smith,* 97 Ind. 273; *Carr* v. *State, etc., supra; Updegraff* v. *Palmer, supra.*

The principle here involved is the same as that which prevails respecting the empanelling of juries, for the objection must be presented at the time the jury is selected, or at the time it becomes known, or it will be deemed waived. *Shular* v. *State,* 105 Ind. 289 (55 Am. R. 211). It is, therefore, not necessary to decide whether the members of the committee objected to were or were not competent.

The objection that the petition was not subscribed by the requisite number of freeholders, can not be successfully made after the board of commissioners has adjudicated that ques-

tion. It was adjudicated in this case after notice to the appellants, and it was too late to present the objection, that there was not a sufficient number of qualified petitioners, after the report of the viewers had been approved and the committee appointed. *Updegraff* v. *Palmer, supra,* and cases cited; *Forsythe* v. *Kreuter,* 100 Ind. 27; *Washington Ice Co.* v. *Lay,* 103 Ind. 48; *Breitweiser* v. *Fuhrman,* 88 Ind. 28, and cases cited; *Little* v. *Thompson,* 24 Ind. 146.

There was no error in appointing a member of the committee to take the place of one of the original members, rendered incapable of serving on account of physical infirmities. The statute invests the board of commissioners with general jurisdiction of the subject of free gravel roads, and, while the authority is a statutory one, it is broad enough to enable the board to substitute a committeeman in case of a vacancy. *McMullen* v. *State, ex rel.,* 105 Ind. 334. It was not intended by the Legislature that the whole proceedings should fail because of the illness or death of one of the committeemen, but the power to fill vacancies is necessarily implied in the broad grant of express powers contained in the statute.

Some of the objections to the petition and proceedings are stated in very general terms, and it is enough to say of them that they are not sufficiently specific to present any questions for our consideration. It is established by our decisions that objections must be specifically stated, or they will be disregarded. *Updegraff* v. *Palmer, supra; Meranda* v. *Spurlin,* 100 Ind. 380; *Higbee* v. *Peed,* 98 Ind. 420; *Anderson* v. *Baker,* 98 Ind. 587.

We agree with the counsel for the appellees that no question can be raised on appeal that was not presented to the board of commissioners. *Thayer* v. *Burger,* 100 Ind. 262; *Clift* v. *Brown,* 95 Ind. 53; *Lowe* v. *Ryan,* 94 Ind. 450; *Green* v. *Elliott,* 86 Ind. 53, and cases cited.

This principle disposes of some of the questions argued, but not all of them. It does not dispose of the question sought to be made as to the authority of the board to issue

bonds to pay for the proposed improvement, and that subject requires consideration for the reason, if for no other, that it was brought to the attention of the board.

The third paragraph of the remonstrance avers, in substance, that the county has no power to issue bonds to pay for the proposed gravel road, for the reason that it is indebted beyond the limit allowed by the statute. Waiving the question whether bonds issued under the gravel road law can be deemed an indebtedness of the county within the meaning of the law, and waiving, also, the question· as to whether an issue of that character can be formed in such a proceeding as this, we think the case must, nevertheless, be decided against the appellants. It does not appear that the board intends to pay for the improvement in bonds or otherwise than with the proceeds of the tax as it may be collected, nor does it appear that the board may not fully discharge all of its indebtedness before it becomes necessary to incur any indebtedness for the construction of the gravel road. Where, as here, a plea is filed in the nature of a plea in abatement, it should be made to affirmatively appear that the officers are likely to violate their obligations by doing what it is claimed the law forbids.

The fifth paragraph of the remonstrance alleges that the proposed road is located for the distance of two miles on land previously appropriated for a public ditch, but it does not aver that the ditch will be interfered with by the construction of the road. We do not think that this cause of remonstrance is sufficient, for the statute confers upon the board authority to make all necessary and proper changes in the line of the proposed road. R. S. 1881, section 5095; *Million* v. *Board, etc.*, 89 Ind. 5, see p. 16. We can not hold that such a change might not be made if required, but, on the contrary, must presume that the officers will do their duty. But, if it were otherwise, we can not perceive that the land-owners will be injured if the ditch is taken, for only those interested in the existence of the ditch can com-

plain. Nor can we say, as matter of law, that the gravel road if built will interfere with the ditch. If the remonstrants desired to show that both the ditch and the road could not occupy the same right of way without conflict, they should have made their remonstrance much more specific. The cases of *Baltimore, etc., R. R. Co.* v. *North*, 103 Ind. 486, and *Dwenger* v. *Chicago, etc., R. W. Co.*, 98 Ind. 153, do not apply, for the reason that there the complainants were those whose rights were directly invaded, while here the rights of the parties who complain have not been invaded, nor does it appear that the board of commissioners may not, in the lawful exercise of the authority conferred upon it, direct a change to be made, if one is necessary, that will obviate all objections.

The judgment in this case was rendered on the 11th day of April, 1885, and, as this was prior to the time the act of April 8th, 1885, took effect, it is not necessary to decide whether that act repealed all previous laws or not, for a final judgment can not be affected by the repeal of the statute under which it was rendered.

Judgment affirmed.

Filed Dec. 14, 1886.