No. 15,239.

## IRWIN v. ARMUTH ET AL.

COUNTY COMMISSIONERS.—*Establishment of Highway.*—*Plea in Abatement.*— In a proceeding before a board of county commissioners to lay out and establish a public highway, it was not error to strike from the files a plea in abatement, in which it was alleged that less than six of the persons signing the petition resided in the immediate neighborhood of the proposed highway. If the party filing the plea possessed the right to appear and contest the jurisdictional fact set up in his plea, he had that right without the filing of any pleading whatever. In such a proceeding the question of jurisdiction can not be made an adversary one. As the plea was improperly filed with the board of commissioners, it was not error for the circuit court to refuse to allow it to be refiled.

AMICUS CURIÆ.— *What His Rights are.*—An *amicus curiæ* may appear, and, with the permission of the court, introduce evidence for his own benefit, but he can not except to any ruling made by the court, as he has no right to complain if the court refuses to accept his suggestion.

From the Johnson Circuit Court.

*S. Stansifer* and *C. S. Baker*, for appellant.

COFFEY, C. J.—This was a proceeding by the appellees before the board of commissioners of Bartholomew county to lay out and establish a public highway. At the time the petition was filed Joseph I. Irwin appeared and filed what he called a plea in abatement, in which it was alleged that of the persons signing the petition less than six resided in the immediate neighborhood of the proposed highway.

The board of commissioners, on motion of the petitioners, struck out the plea, on the ground that Irwin was not a party to the proceeding, and had no interest therein. The board then heard the proof, and, after a formal finding of all the jurisdictional facts, appointed viewers. Remonstrances were afterwards filed, and such proceedings had as resulted in an order establishing the highway, from which the remonstrators appealed to the Bartholomew Circuit Court.

In the circuit court Irwin again appeared, and offered to refile his plea in abatement, which offer was resisted by the petitioners, on the ground assumed by the board of commissioners in striking it out, and upon the further ground that he had not appealed. The court refused to allow him to refile his plea, and he excepted.

The cause was venued to the Johnson Circuit Court, where a trial resulted in an order and judgment establishing the highway.

Irwin alone appeals to this court, and assigns as error the action of the circuit court in refusing him permission to refile his plea in abatement.

No brief in the case on behalf of the appellee is filed here.

The board of commissioners did not err, in our opinion, in striking out the appellant's plea in abatement.

If he possessed the right to appear and contest the jurisdictional fact set up in his plea, he had that right without the filing of any pleading whatever. *Little* v. *Thompson*, 24 Ind. 146.

But there could be no adverse proceedings in the cause, save as the question of the sufficiency of the petition was in-

volved, and the questions of public utility and damages sustained by those over whose land the highway might be established. *Wright* v. *Wells,* 29 Ind. 354; *Green* v. *Elliott,* 86 Ind. 53.

As the appellant sought to make the question of jurisdiction adversary, and to encumber the record with an unnecessary pleading, the board of commissioners very properly struck out the written plea.

As the plea was improperly filed with the board of commissioners, we think the circuit court did not err in refusing to allow it to be refiled.

There was no offer to prove the fact alleged in the plea on the trial in the circuit court, or at any other time when the cause was called for investigation, but the record of the board of commissioners does disclose the fact that it was expressly found from the evidence that six of the petitioners did reside in the immediate neighborhood of the proposed highway. Whether appellant took part in the trial of that question before the board does not appear. Had he offered in the circuit court to prove the facts set up in his plea, and the evidence had been rejected, we would have a different question before us from the one presented.

The case before us is one where a party complains of the action of the court in refusing to permit him to file an improper and unnecessary pleading. In the refusal to allow this to be done we do not think the court erred.

For still another reason we are of the opinion that the judgment of the circuit court should not be reversed on this appeal. Irwin was not a party to the proceeding, and had no direct interest in its result. He could only appear as an' *amicus curiæ,* and as such could take no exception to the ruling of the court. *Campbell* v. *Swasey,* 12 Ind. 70; *Hust* v. *Conn,* 12 Ind. 257.

An *amicus curiæ* may appear, and, with the permission of the court, introduce evidence for his own benefit, but he can not except to any ruling made by the court, as he has no right

to complain if the court refuses to accept his suggestions. *Bass* v. *Fontleroy,* 11 Texas, 698.

None of the parties to the controversy are here complaining of any error of the court during the progress of the proceeding.

As the parties immediately interested are content with the result reached, the judgment should not be reversed at the suggestion of a third party, who is not directly affected by the final decree.

Judgment affirmed.

Filed Oct. 16, 1891.