## COLLINS v. MARVIL ET AL.

[No. 17,827.   Filed June 19, 1896.]

LIQUOR LICENSE.— *Christian Name.— Remonstrance.— Name of Remonstrator.—Statute Construed.*—A remonstrator under section 9, Act of 1895 (Acts of 1895, p. 248), may employ initials to indicate his Christian name in subscribing a remonstrance against the granting of a liquor license, provided he write his surname in full.

Collins v. Marvil et al.

From the Gibson Circuit Court. *Affirmed.*

*L. C. Embree, Lamb & Beasley, Baker & Daniels, Elliott & Elliott, Zollars & Worden, S. R. Hamill,* and *Stuart Bros. & Hammond,* for appellant.

*W. A. Ketcham,* Attorney-General, *T. R. Paxton, M. M. Fields, C. E. Wiltsie, E. F. Ritter, Duncan, Smith & Hornbrook* and *F. E. Matson,* for appellees.

JORDAN, J.—The questions presented by this case have been decided adversely to the contentions of appellant, in the opinion of this court in the appeal of *State* v. *Gerhardt, ante,* 439, with one exception, which is the contention herein of appellant that the law does not permit a remonstrator, under section nine of the Act of 1895, (Acts of 1895, p. 248), to use only the initials of his Christian name in signing a remonstrance against granting a license to an applicant to sell intoxicating liquors. This claim as made by appellant cannot be sustained.

In the case of *State, ex rel.,* v. *Beck,* 81 Ind. 500, it was held that articles of association for a turnpike company may be subscribed by the corporators by their usual signatures, and that the use of initials to designate their Christian names is not obectionable. See *Wassels* v. *State,* 26 Ind. 30; *Vanderkarr* v. *State,* 51 Ind. 91.

It is always better, perhaps, for a person, in subscribing his name to any document, to write the first part of his Christian name in full, as well as his surname. We think, however, that a remonstrator, under section nine, *supra,* may be permitted to employ initials to indicate his Christian name, in subscribing a remonstrance, provided he write his surname in full.

There is no error shown in this appeal, and the judgment is affirmed.