## HARRIS v. CURTIS ET AL.

[No. 4,731.    Filed January 11, 1905.]

1. HIGHWAYS.—*Vacation.*—*Establishment.*—*Petition.*—*Board of Commissioners.*—*Jurisdiction.*—Where the petition for the establishment of a ·public highway asks for the vacation of a different public highway, the board of commissioners has jurisdiction to proceed, the fact that the petition contains too much being an irregularity which does not go to the jurisdiction to determine the merits of the cause. p. 439.

2. TRIAL.—*Motion to Dismiss.*—*Want of Jurisdiction.*—Where, in a petition for the establishment of a public highway, the want of jurisdiction does not appear on the face of the petition, a motion to dismiss must be supported by facts showing such want, and unless such facts be shown, the motion should be overruled.   p. 440.

3. HIGHWAYS.—*Judgment.*—*Failure to Specify Width.*—*Modification.*—Where, on appeal to the circuit court a judgment is rendered establishing a public highway but such judgment does not state the width of the road, and the·appellee files his motion for the trial court to amend its judgment by inserting the width thereof, such motion will be sustained.   p. 440.

From Greene Circuit Court; *Orion B. Harris,* Judge.

Petition by Sarah E. Curtis and others for the establishment of a public highway.    Josiah C. Harris filed a remonstrance.    From a judgment establishing such highway, remonstrant appeals.    *Affirmed.*

*J. W. Lindley,* for appellant.
*C. D. Hunt,* for appellees.

ROBY, J.—Appellees filed a petition before the board of commissioners of Sullivan county, praying the location of a highway from "a point about thirty-five feet north of the northeast corner of section twelve, township eight north, range ten west, where a public highway intersects the township line between said townships of Turman and Hamilton," thence due west on the section line to intersect with a public highway called the "Bridge road," and the vacation of an old highway commencing at the point above described

and ending one-quarter mile west in "another public highway." Viewers were appointed, who reported in favor of the proposed improvement. The appellant filed a remonstrance for damages. Reviewers were appointed, who awarded damges to him. On motion of the petitioners the report was set aside, and another set of reviewers was appointed, who also reported an award of damages to him. An order was thereupon entered by the board establishing and vacating the highway as prayed, and fixed the width of the new road at thirty feet. From this judgment an appeal was taken to the circuit court, trial had, finding and judgment for the petitioners, from which this appeal is taken.

1. Appellant, jointly with others, filed a motion before the board to dismiss the petition, for the alleged reason that it does not ask for a change in an existing highway, but seeks to establish a new highway and to vacate a different one. The motion was overruled by the board. The point made on this appeal is that the proceeding should have been dismissed "for the reason that the statute of Indiana does not authorize the establishment of a new highway and the vacation of a different one in the same petition." The statute is: "Whenever twelve freeholders * * * shall petition the board of commissioners * * * for the location, vacation, or change of any highway, such board, if it be satisfied," etc. §6742 Burns 1901, §5015 R. S. 1881. The board of county commissioners has exclusive jurisdiction of the location, vacation and change of public highways. "Jurisdiction does not depend upon the sufficiency or the correctness of the averments of the petition, but upon the subject-matter to which it relates. As we have already seen, the subject-matter was within the jurisdiction of the board. A defective petition for a highway, or a petition for a highway which also contains a prayer for relief partially beyond the power of the board to grant, will nevertheless as effectually invoke its jurisdiction, and clothe it with power to adjudicate upon the matter presented, as a de-

fective complaint in the circuit court to foreclose a mortgage. * * * The jurisdiction of the circuit court in the matter of the foreclosure of mortgages is no more complete than is the jurisdiction of the board of county commissioners in the matter of establishing highways." *Chicago, etc., R. Co.* v. *Sutton* (1892), 130 Ind. 405, 412; *Patton* v. *Creswell* (1889), 120 Ind. 147-150; *Gold* v. *Pittsburgh, etc., R. Co.* (1899), 153 Ind. 232.

2.    It does not appear upon the face of the petition that the board of commissioners did not have jurisdiction of the subject-matter; neither can it be thus determined that the relief sought amounts to more than the change of an existing highway, "since the change of a highway necessarily requires the vacation of a portion of a highway and the location of such portion upon a different line; and in this sense a vacation and a location are authorized in the same proceeding." *Bowers* v. *Snyder* (1882), 88 Ind. 302. The motion to dismiss was not supported by any showing of fact, and no error was committed in overruling it. It is not therefore necessary to determine whether the vacation and establishment of highways can be had in the same proceeding.

A number of questions relative to appellate practice are urged by appellee. They do not go to the substance of the controversy between the parties, and will not therefore be discussed.

3.    Appellees file a motion asking this court to direct the circuit court to correct its judgment by inserting therein the width of the proposed highway as fixed by the board. Upon the authority of *Merom Gravel Co.* v. *Pearson* (1904), 33 Ind. App. 174, the trial court is directed to amend its judgment by inserting therein the width of the proposed highway so fixed by the order of the board of commissioners, and the judgment is affirmed.