The Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company *v.* Gregg et al.

[No. 22,157. Filed October 29, 1913. Rehearing denied January 13, 1914.]

1. Highways.— *Establishment.— Petition.— Motion to Dismiss.—* Where a petition for the establishment of a highway in accordance with the highway act of 1905 (Acts 1905 p. 521), as the same was amended by the act of 1907 (Acts 1907 p. 443, §7649 *et seq.* Burns 1908), contained a complete description of the beginning, course and terminus of the proposed highway, named the owners over whose lands the same would pass, was verified by an affidavit that twelve of the petitioners were freeholders of the county, and that six of them were resident freeholders in the neighborhood of the proposed highway, and was accompanied by proofs of posting and publication of notices, in full compliance with the statute, a motion to dismiss the proceeding on the ground that the court had no jurisdiction, that there was no sufficient averment of jurisdictional facts, and that there was no sufficient description of the proposed highway, was without foundation and properly overruled. p. 47.

2. Courts.—*Jurisdiction.—Waiver.—Objection.—*Lack of jurisdiction of the general class of cases to which the particular case belongs cannot be waived, and objection may be made at any time. p. 48.

3. Highways.—*Establishment.—Jurisdiction of Board of Commissioners.—*Under the highway act of 1905 (Acts 1905 p. 521) as amended by the act of 1907 (Acts 1907 p. 443, §7649 *et seq.* Burns 1908), general and exclusive original jurisdiction over the loca-

tion of public highways outside of cities and incorporated towns is vested in boards of county commissioners.  p. 48.

4.  COURTS.—*Jurisdiction.*—*Waiver.*—Want of jurisdiction over the particular case before the court, belonging to a general class of cases over which the court has jurisdiction, may be waived by failure to make timely and specific objection.  p. 48.

5.  HIGHWAYS.—*Establishment.*—*Jurisdiction of Board of Commissioners.*—While boards of commissioners by statute have jurisdiction over the general subject of proceedings to establish highways outside of cities and incorporated towns, the question of their jurisdiction over a particular highway proceeding is dependent upon the presentation of a proper petition.  p. 48.

6.  HIGHWAYS.— *Establishment.*— *Petition.*— *Qualification of Petitioners.*—A petition for the establishment of a highway need not show that the petitioners are qualified as required by statute, but it is the duty of the board of commissioners, when a petition is presented, to inform itself as to the number and qualification of the petitioners.  p. 49.

7.  HIGHWAYS.—*Establishment.*—*Jurisdiction.*—*Necessity for Formal Order Declaring Jurisdiction.*—While, on the presentation of a petition in a highway proceeding, in order that jurisdiction may be acquired, the board of county commissioners must determine that it is signed by persons of the qualifications, and in the number, required by the statute, a formal order declaring that the board has jurisdiction or that all jurisdictional facts have been shown is not necessary, since it is the rule that the assumption of jurisdiction by proceeding in the various steps to a final order establishing the road is a decision on the question.  p. 49.

8.  HIGHWAYS.— *Establishment.*— *Appeal from Board of Commissioners.*— *Jurisdictional Questions.*— Objections to facts upon which the jurisdiction of the board of county commissioners in a highway proceeding depends, not apparent on the face of the record, can only be taken by appearing before the board and making such objection at the time the petition is presented and before the appointment of viewers, so that where a petition for the establishment of a highway was sufficient upon its face, and notice of the presentation of the petition was given and proof made as required by law, it must be deemed, in the absence of timely and specific objection to the board's jurisdiction of the particular case, that the existence of all the facts essential to jurisdiction was affirmatively determined by the board, and the question cannot afterwards be raised on appeal in the circuit court.  p. 50.

9.  HIGHWAYS.—*Establishment.*—*Motion to Dismiss Proceeding.*— *Sufficiency.*—The rule that a motion should state specifically the objection on which it is based is more strict when applied in testing the sufficiency of a motion, based on jurisdictional objections,

to dismiss a highway proceeding and made first to the board of county commissioners, and renewed in the circuit court on appeal, since it purports to be a plea to the court's jurisdiction, and, being in the nature of a plea in abatement, must state the facts and be certain in every particular, so that where such motion, though timely filed before the board, was so general as to add nothing to the board's existing duty to determine its jurisdiction, there was no error in overruling the same, nor in overruling the same as renewed in the circuit court.    p. 50.

10.    HIGHWAYS.— *Establishment.— Jurisdiction.— Qualification of Petitioners.— Manner of Questioning.—* Although one possessing the right may appear, at the time a petition for establishing a highway is presented to the board of commissioners, and contest the jurisdictional fact involved in the qualifications of the petitioners by objecting and producing evidence on the question, where such action is not taken, and no jurisdictional fact is lacking on the face of the petition, such petition is not subject to a summary motion to dismiss made to the board on jurisdictional grounds, or to such a motion or to a demurrer addressed to it in the circuit court on appeal, but the proper method of presenting the question is by plea in abatement.    p. 51.

11.    HIGHWAYS.—*Establishment.—Sufficiency of Signatures to Petition.—Use of Initials.—*The fact that four out of fourteen signers to a petition for the establishment of a highway used the initials of their respective christian names, instead of their full christian names, does not render the petition defective or open to the objection that lack of jurisdiction is apparent on its face, since a signature consisting of the initials of the christian name and the full surname is sufficient.    p. 51.

12.    HIGHWAYS.—*Establishment.—Public Utility.—Evidence.—Road over Private Way.—*The fact that the evidence in a highway proceeding shows that the proposed highway is to be located along the line of a private way with gates to a railroad crossing, and that such private way is the only means possessed by a number of people of the immediate locality of reaching public highways and markets, does not show the inutility of the proposed road as a public highway, and a reversal of a judgment establishing such highway is not warranted by the mere fact that a private way is thus taken for the public use of a highway.    p. 52.

13.    APPEAL.—*Questions Reviewable.—Exclusion of Evidence.—Exceptions.—*Appellant railroad company cannot take advantage of alleged error by the trial court in excluding evidence, where the record discloses an exception to the ruling in the name of a railroad company that was not a party to the proceeding, but none by appellant.    p. 52.

14.    HIGHWAYS.—*Establishment Across Railroad Right of Way.— Damages.—*In a proceeding for the establishment of a highway

across the right of way of a railroad company, evidence as to the amount of damages that would result to the company was properly excluded, since a railroad company acquires its right of way subject to the right of the State to locate and maintain its public highways, and is not entitled to damages resulting from the establishment of a highway across the same, regardless of whether the company merely owns an easement or the fee.   p. 52.

From Porter Circuit Court; *W. C. McMahan,* Judge.

Proceeding on the petition of George C. Gregg and others for the establishment of a highway.   From a judgment of the circuit court, on appeal from the board of county commissioners, in favor of the petitioners, The Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company appeals. *Affirmed.*

*G. E. Ross,* for appellant.
*G. C. Gregg,* for appellees.

Cox, J.—This proceeding to locate and establish a new public highway was begun by appellees by presenting their petition to the board of commissioners of Porter County at the October term, 1910, in accordance with the provisions of the highway act of 1905 (Acts 1905 p. 521), as the same was amended by the act of 1907 (Acts 1907 p. 443, §7649 *et seq.* Burns 1908).   The averments of the petition are as follows:  ''The undersigned petitioners would respectfully represent that they, and each of them, are freeholders in the county of Porter, in the State of Indiana, and that six of them are resident freeholders in said county and reside in the immediate neighborhood of the highway herein proposed to be located, and said petitioners petition and ask for the location of a new public highway in Boone Township, in the county of Porter, in the State of Indiana, which highway is particularly described as follows, to wit: Beginning at the northeast corner of the northwest quarter of section seventeen, township thirty-three north, range six west; thence south on the half section line of said section seventeen to the northwest corner of the southeast quarter

of said section seventeen, and there terminating. Said proposed highway will pass along and over the lands of the Pittsburgh, Cincinnati, Chicago and St. Louis Railway (here follow the names of eleven others whose names are given). That said proposed highway will be of public utility and benefit. Wherefore, your petitioners pray that three persons be appointed by the board to view the highway hereinabove described, as provided by law, and your petitioners will ever pray.'' To this petition fourteen names were signed and to it was attached an affidavit to the effect that the petition was signed by twelve freeholders of Porter County and that six of them were resident freeholders of the county residing in the immediate neighborhood of the proposed highway. At the same time, proofs of posting and publication of notices of the presentation of the petition, in full compliance with the statute, were filed with the board.

Pursuant to these notices, appellant appeared specially by counsel and moved to dismiss the proceeding for reasons stated as follows: (1) this court has no jurisdiction of the subject-matter of these proceedings; (2) this court has no jurisdiction of or over the persons and property to be affected by these proceedings; (3) the facts necessary to give this court jurisdiction of these proceedings have not been and cannot be established by competent and proper evidence; (4) that the petition does not state facts sufficient to vest jurisdiction of these proceedings in this court; (5) that there is no sufficient description of the proposed highway; (6) that the law under which these proceedings are being had is in violation of the 14th amendment to the Constitution of the United States in that said law authorizes the taking of property without due process of law and denies the equal protection of the law. This motion was overruled by the board, and viewers were appointed. Following their report, appellant remonstrated on the grounds of the inutility of the highway and of damages

to its right of way and railroad. Reviewers were appointed and reported damages to appellant in the sum of $50. From an order that the road be established and opened upon the payment of the damages assessed, appellant appealed to the circuit court where it refiled its motion to dismiss the proceeding on the grounds above stated, and that court also overruled it. Appellant thereupon refiled its remonstrance and the cause was tried by the court resulting in a finding and judgment in favor of the petitioners on all the issues. On appeal from that judgment, appellant assigns as error the action of the circuit court in overruling its motion to dismiss the proceeding and its motion for a new trial.

Counsel for appellant presents nothing in support of the second, fourth and fifth reasons for dismissal in the motion and it is apparent that the motion is without foundation so far as such reasons are concerned. The petition clearly avers the existence of all jurisdictional facts, the description of the beginning, course and terminus of the proposed road could not well be clearer and more certain, and the record discloses that the notices required were given in accordance with the statute. The position of appellant's counsel, while not clearly presented, seems to be, (1) that the first and third causes stated in appellant's motion to dismiss in the circuit court, challenged the jurisdiction of the board of commissioners over the general subject of the proceeding, which could be done at any time, and that the board not having jurisdiction, the circuit court could acquire none; and (2) that appellant having before the board raised the question of the existence of the facts necessary to give the board jurisdiction over this particular instance of the general class over which the board was vested with jurisdiction, the burden was placed on the petitioners to establish such facts by proof before the board, and this proof, it is claimed, must appear in the transcript of the board's proceedings, certified to the circuit court to give that court jurisdiction. The particular jurisdictional

fact, the existence of which, counsel now claims was challenged by the first and third causes on which appellant's motion was based, was the qualification of the petitioners; and it is contended that appellant's motion put on the petitioners the duty of proving that the petition was signed by twelve freeholders of the county, six of whom resided in the immediate neighborhood of the proposed highway, which proof it is claimed must appear in the record.

It is true that lack of jurisdiction over the general subject, that is, of the general class of cases to which the particular case belongs, cannot be waived, and objection may 2. be made at any time. *Daniels* v. *Bruce* (1911), 176 Ind. 151, 95 N. E. 569, and cases there cited. But there can be no ground for challenging the very 3. obvious fact that the statute above referred to, under which this proceeding was begun, vests in boards of county commissioners, general and exclusive original jurisdiction over the location of public highways outside of cities and incorporated towns, and therefore appellant's first contention that the board of commissioners did not possess general jurisdiction of the subject-matter, is groundless. *Chicago, etc., R. Co.* v. *Sutton* (1892), 130 Ind. 405, 30 N. E. 291; *Rassier* v. *Grimmer* (1892), 130 Ind. 219, 28 N. E. 866, 29 N. E. 918; *Gold* v. *Pittsburgh, etc., R. Co.* (1899), 153 Ind. 232, 240, 53 N. E. 285; *Renard* v. *Grande* (1902), 29 Ind. App. 579, 64 N. E. 644; *Harris* v. *Curtis* (1905), 34 Ind. App. 438, 72 N. E. 1102.

As to the second contention based on the overruling of appellant's motion as above stated, it is well settled that the want of jurisdiction over the particular case 4. then before the court, belonging to the general class of cases over which the court has jurisdiction may be waived by failure to make timely and specific objection. *Daniels* v. *Bruce, supra,* and cases therein cited. The 5. statute expressly gives to boards of county commissioners jurisdiction over the general subject of pro-

ceedings to establish highways outside of cities and incorporated towns, but whether a board of commissioners acquires jurisdiction of any particular proceeding for locating and establishing a certain highway is dependent upon the presentation to it of a petition bearing the signatures of the number of persons provided by the statute and qualified as prescribed thereby.

It was held in *Conaway* v. *Ascherman* (1884), 94 Ind. 187, that a petition for a highway should show by proper averments that the petitioners were qualified as the statute required. But this case has been expressly overruled and such an averment is not now required. *Aetna Life Ins. Co.* v. *Jones* (1909), 173 Ind. 149, 89 N. E. 871; see, also, *Hall* v. *McDonald* (1908), 171 Ind. 9, 85 N. E. 707. When, however, a petition for a highway is presented to a board of county commissioners, the board must inform itself and determine that the petition is signed by twelve freeholders of the county, six of whom live in the immediate neighborhood of the highway for the location of which the petition is made, for this is a fact upon which jurisdiction of the particular proceeding depends. But it does not follow that the board must enter of record either the proof or a formal finding that the petition is signed by the requisite number and that they are qualified. The rule as frequently announced by this court is that the assumption of jurisdiction by proceeding in the various steps provided by the statute to a final order establishing the road, is a decision on the question, and a formal order declaring that the board had jurisdiction of the particular case or that all jurisdictional facts had been shown, is not necessary. *Updegraff* v. *Palmer* (1886), 107 Ind. 181, 6 N. E. 353; *Osborn* v. *Sutton* (1886), 108 Ind. 443, 445, 9 N. E. 410, and cases there cited; *City of Bloomington* v. *Phelps* (1898), 149 Ind. 596, 598, 49 N. E. 581.

There was no lack of jurisdiction apparent upon the face of the record. The petition was, on its face, sufficient in every particular,—indeed it went beyond the necessary averments and alleged specifically the qualifications of the petitioners. Notice of the presentation of the petition was given and proof made as the law provides. Under these circumstances in the absence of timely and specific objection to the board's jurisdiction over the particular case, the existence of all the facts upon which the jurisdiction of the board over the particular case would be deemed to have been affirmatively determined by that tribunal, and the question could not afterwards be raised on appeal in the circuit court. It has been decided many times by this court that objections to facts upon which the jurisdiction of the board of commissioners depends, not apparent upon the face of the record, can only be taken by appearing before the board and making such objection at the time the petition is presented and before the appointment of viewers. If such objections are not so presented they cannot be raised afterwards either before the board or in the circuit court on appeal. *Aetna Life Ins. Co.* v. *Jones, supra.*

Appellant's motion to the board to dismiss while timely was not specific. It did not purport to challenge the qualifications of the petitioners. In the absence of a direct assertion of the nonexistence of the jurisdictional fact in question, made before the appointment of viewers, the fact that the board proceeded regularly to a final order establishing the highway involved an inquiry and finding of the existence of the fact. Appellant's motion was so general as to add nothing to the existing obligation of the board to determine the question of its jurisdiction over the proceeding. It is an elementary rule that a motion should state specifically the objection or objections on which it is founded so that the court may readily see that the motion should be granted.

14 Ency. Pl. and Pr. 118.   This rule is only more strict when applied to the motion to dismiss in this case as it was made both to the board and to the circuit court.   Purporting to be a plea to the jurisdiction, the obligation to state the facts which showed a lack of jurisdiction was greater, for such a plea being in the nature of a plea in abatement must state the facts and be certain in every particular. 12 Ency. Pl. and Pr. 182, 183.   Both motions were so general as to present no question and no error was committed in overruling them.   *Updegraff* v. *Palmer, supra; Osborn* v. *Sutton, supra; Harris* v. *Curtis, supra.*   But if appellant's motions had been sufficiently specific another reason is apparent why no error was committed in overruling them.   The absence of no jurisdictional fact was apparent on the face of the petition, but the contrary was true.   It is only where the nonexistence of the jurisdictional facts is apparent that the petition is subject to a summary motion to dismiss made to the board, or such a motion or a demurrer addressed to it in the circuit court on appeal.   Robinson, Co. and Tp. Officers §339; 1 Works' Practice 355; 12 Ency. Pl. and Pr. 184.   It has been held that where the objection to the qualifications of the petitioners was not manifest on the face of the petition it should be presented by plea in abatement and not by motion to summarily dismiss.   *Little* v. *Thompson* (1865), 24 Ind. 146. It is true that it has been held that one possessing the right may appear at the time the petition is presented to the board and contest the jurisdictional fact involved in the qualifications of the petitioners by objecting and producing evidence on the question, but it does not appear that appellant did so.   *Little* v. *Thompson, supra; Irwin* v. *Armuth* (1891), 129 Ind. 340, 28 N. E. 702.

A belated claim of appellant's counsel made in argument is, that as four of the fourteen signers of the petition used the initials of their respective christian names instead of signing their full christian names this

was no signature at all as to them and that therefore the petition was signed by only ten persons, an insufficient number. Thus it is claimed it appeared on the face of the petition that there was not jurisdiction. Signing with the initials of the christian name and the full surname has been held to be a sufficient signing. *Collins* v. *Marvil* (1896), 145 Ind. 531, 44 N. E. 487; 1 Elliott, Roads and Sts. (3d ed.) §372, n. 20.

It is claimed by counsel for appellant that as the evidence shows that the proposed public highway is to be located along the line of an existing private way with gates 12. to a crossing over appellant's right of way, which private way, it also appears from the evidence, is the only means possessed by a number of people of the immediate locality of reaching public highways and markets, it does not appear that the road if established will be of public utility. This fact does not show the inutility of the road as a public highway. *Opp* v. *Timmons* (1898), 149 Ind. 236, 48 N. E. 1028. We know of no reason why a private way may not be taken for the public use of a highway as readily as other private property when facts are shown establishing the need which makes public utility.

On the trial of the cause in the circuit court appellant offered, in support of its remonstrance for damages, to prove by a witness produced by it that the value of 13. the use of appellant's railroad and property would be diminished from $200 to $1,000 by the public use of that part of its right of way for the highway crossing. Upon objection by counsel for petitioners the court excluded the proffered testimony. The record shows an exception to this ruling by "The Pennsylvania Railway Company," which was not a party to the proceeding, but none by appellant. An exception by the Pennsylvania Railway Company is not available to appellant. But if 14. way Company is not available to appellant. But if the question were properly presented, settled prin-

ciples of law would compel a decision of it against appellant. In *New York, etc., R. Co.* v. *Rhodes* (1909), 171 Ind. 521, 525, 86 N. E. 840, 24 L. R. A. (N. S.) 1225, it was held that a railroad company having accepted the privileges and franchises from the State and acquired its right of way subject to the right of the State to locate and maintain its public highways (subd. 5 §5195 Burns 1908, §3903 R. S. 1881), is not entitled to any compensation for the interruption and inconvenience, if any, nor for increased expense nor increased risk, if any, nor for the expense and inconvenience of the railroad company in complying with the requirements of such statute as to highway crossings. Even in the absence of such a statute as §5195, *supra,* the rule is that a private corporation which acquires a right to construct a railroad, takes it subject to the dominant right of the State to cross its railroad whenever the public necessity demands that new roads or streets shall be opened. In accepting a grant from the State, the private corporation impliedly agrees that the sovereign right to provide necessary highways for citizens of the State shall not be impaired. It is considered that there is no taking of property where a public highway crosses a railroad right of way and where as in this instance the two uses may coexist; and it makes no difference in the matter of compensation whether the railroad merely owns an easement or the fee. 1 Elliott, Roads and Sts. (3d ed.) §249 and cases there cited. *Chicago, etc., R. Co.* v. *Luddington* (1910), 175 Ind. 35, 40, 91 N. E. 939, 93 N. E. 273, and cases there cited.

The authorities just cited establish the lack of merit in the numerous constitutional questions which counsel for appellant raises in the brief in its behalf.

Judgment affirmed.

NOTE.—Reported in 102 N. E. 961. See, also, under (1) 37 Cyc. 71, 73; (2) 11 Cyc. 697; (3) 37 Cyc. 54, 57; (5) 37 Cyc. 70; (6) 37 Cyc. 72; (7) 37 Cyc. 122; (8) 37 Cyc. 130, 136; (10) 37 Cyc. 56; (11) 36 Cyc. 451; (12) 37 Cyc. 48; (13) 3 Cyc. 233; (14) 15 Cyc. 669.

As to the power to lay out street or highway across railroad property or right of way, see 24 L. R. A. (N. S.) 1213. As to the necessity of making compensation, and measure thereof, upon laying out street across railway property, see 24 L. R. A. (N. S.) 1226.